**Ex parte Benjamin Robert JONES.**

No. 42643.

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Richard D. Naylor, Pecos, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order of the Honorable J. H. Starley, Judge of the 143rd District Court, denying relief on an application for habeas corpus before trial.

Appellant contends that the court erred in refusing to reduce bail which had been set at $20,000.

There is no evidence that an effort had been made to furnish bail in the amount fixed. In the absence of such evidence, we

overrule the complaint that the bail is excessive. Ex parte Toppings, Tex.Cr.App., 422 S.W.2d 459; Ex parte Vernon, Tex.Cr. App., 397 S.W.2d 224; Ex parte Shaw, 170 Tex.Cr.R. 315, 340 S.W.2d 818; 8 Tex. Jur.2d, Sec. 33, p. 155.

Appellant next contends that he should be discharged, because he has been denied a speedy trial as provided for in Article I, Sec. 10, Vernon's Annotated Constitution of Texas.

Dagley v. State, Tex.Cr.App., 394 S.W.2d 179, held that a special plea that the accused had been deprived of his constitutional rights to a speedy trial was not authorized by law, and the trial court did not err in refusing to submit such a plea to the jury under Article 510 of the 1925 Code of Criminal Procedure.

In Parker v. State, Tex.Cr.App., 397 S.W.2d 853, this Court held that a plea to the jurisdiction on the ground that an accused had been deprived of a constitutional right to a speedy trial was not authorized, and the alleged failure to grant a speedy trial did not entitle the defendant to a dismissal.[1]

Article 506 of the 1925 Code of Criminal Procedure provided:

"A motion to set aside an indictment or information shall be based on one or more of the following causes, and no other:

"1. That it appears by the records of the court that the indictment was not found by at least nine grand jurors, or that the information was not based upon a valid complaint.

[1.] The Court also held that an accused who desires an earlier trial must request it or file a petition for mandamus. See Wilson v. Bowman, 381 S.W.2d 320 (Tex.S.Ct.); Sanders v. United States, 416 F.2d 194 (5th Cir. 1969); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969).

[2.] A new Section 3 provides for a challenge if the grand jury was illegally empaneled.

"2. That some person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting upon the same."

In 1965, this Article was amended by Article 27.03, V.A.C.C.P., and in addition to the grounds for which an indictment might be challenged added a new provision: "Any other grounds authorized by law."[2]

■ The above statute now authorizes the trial court to pass upon the constitutional right to a speedy trial in a motion to set aside the indictment or by special plea.[3] However, for a review of the ruling of the trial court there must be a conviction and appeal,[4] because this Court does not entertain appeals from interlocutory orders.[5]

The order of the trial court denying relief because of the alleged excessive bail is affirmed.

[3.] See Pope v. Ferguson, 445 S.W.2d 950 (Tex.S.Ct., 1969).

[4.] Article V, Section 5, Constitution of Texas.

[5.] See Ex parte Conner, Tex.Cr.App., 439 S.W.2d 350; and State v. Parr, Tex.Cr. App., 293 S.W.2d 62.