**Ex parte Roy E. BREWER.**

**No. 42757.**

Court of Criminal Appeals of Texas.

March 11, 1970.

Rehearing Denied April 29, 1970.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant, in his application for habeas corpus, alleged that he was confined by virtue of an indictment in the 178th Judicial District Court for the offense of theft, and that bail which had been set in the amount of $2,500 was excessive. He also alleged that unlawful "detainers" from Lake Charles, Louisiana and Plattsburg, Missouri had been placed against him.

Judge Dan Walton in the 178th District Court granted the writ of habeas corpus on December 15, 1969. The return of C. V. "Buster" Kern, Sheriff of Harris County, shows that appellant was held by virtue of a certain fugitive warrant issued by Jack Treadway, Justice of the Peace of Precinct No. 1 of Harris County, to answer to a charge "pending formal extradition proceedings." On December 19, 1969, the court dismissed the application without a hearing, and appellant gave notice of appeal.

In Ex parte Dugue, 169 Tex.Cr.R. 293, 333 S.W.2d 382, the applicable rule is stated as follows:

"The dismissal of the application for habeas corpus left the record as though the application had been denied and no writ of habeas corpus had issued. Such an order is not appealable. Ex parte Noble, 146 Tex.Cr.R. 575, 176 S.W.2d 951, and cases cited."

In addition to the record in which notice of appeal was given, appellant has sent an original application for habeas corpus to the Clerk of this Court wherein he alleges that he was brought before the court, entered a plea of guilty to a lesser included offense of misdemeanor theft, assessed a penalty of 90 days, given credit for time

spent in jail, served all of his time and that the Harris County theft case was final. He also alleges that he is not being held as a result of that case and that the Louisiana "detainer" had been dismissed.

 He further alleges that on the 16th day of December, 1969, a fugitive charge for an alleged crime in Missouri was filed in Justice Millard's court, and bail was set at $10,000; that on December 19, bail was reduced to $5,000 on this fugitive charge and that such bail is excessive. There is no showing that he has attempted to make the $5,000 bail [1] or has presented an application for habeas corpus because of the alleged excessive bail to any court in Harris County.

The appeal is dismissed and the original application to this Court is denied.

[1] See Ex parte Benjamin Robert Jones, Tex.Cr.App., 449 S.W.2d 59.