### Ex parte Jimmy Cleveland BURGETT

#### No. 2–92–322–CR.

Court of Appeals of Texas,
Fort Worth.

March 30, 1993.

James A. Rasmussen, Wichita Falls, for appellant.

Jack A. McGaughey, Montague, for appellee.

Before FARRIS and HICKS, JJ., and HARRY HOPKINS, J., (Retired) sitting by Assignment.

### OPINION

HOPKINS, Justice.

Jimmy Cleveland Burgett was indicted for delivery of controlled substance. Before his trial, although represented by counsel, he filed a pro se application for writ of habeas corpus which the court denied after a hearing. He immediately appealed this denial. While this appeal was pending, appellant was found guilty as charged.

We dismiss the appeal.

The offense occurred on April 26, 1987. The grand jury indicted appellant for the crime on May 18, 1987. He was not arrested for this offense until April 22, 1992. In July, appellant filed an application for writ of habeas corpus claiming violation of his right to a speedy trial conferred by the Texas Speedy Trial Act.[1] This writ incor-

---

1. This act is unconstitutional. *Harris v. State,* 827 S.W.2d 949, 956 (Tex.Crim.App.), *cert. de-*

porated by reference a pro se motion to dismiss based upon this act and the Sixth Amendment[2] guarantee to a speedy trial.

Appellant brings two points of error, claiming that the trial court erred in denying his application for writ of habeas corpus because: 1) it failed to adequately consider his speedy trial claim; and 2) there is no or insufficient evidence to support its findings. The State claims that habeas corpus relief does not lie at this time because appellant's adequate remedy at law is by a direct appeal from the denial of a pretrial motion to dismiss, after the trial on the merits.

▮ Appellant argues that pretrial habeas corpus relief is the only appropriate remedy to correct the violation of his right to a speedy trial. "The speedy trial guarantee recognizes that a prolonged delay may subject the accused to an emotional stress that can be presumed to result in the ordinary person from uncertainties in the prospect of facing public trial." *Strunk v. United States*, 412 U.S. 434, 439, 93 S.Ct. 2260, 2263, 37 L.Ed.2d 56, 61 (1973). Appellant correctly argues that *Barker v. Wingo*, the landmark case in which the United States Supreme Court reviewed an allegation of the denial of a speedy trial, was appealed by writ of habeas corpus. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). However, that application was brought some seven years after the conviction was final. *Id.* 407 U.S. at 518, 92 S.Ct. at 2185–86, 33 L.Ed.2d at 110. Here we are concerned with whether a pretrial habeas corpus relief is necessary in light of the "prolonged delay" of trial suffered by those who have been denied their right to a speedy trial.

The State argues that *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), requires dismissal. The United States Supreme Court decided in *MacDonald* that a defendant did not have an immediate appeal under the federal appellate system from a denial of a pretrial motion to dismiss based upon the right to a speedy trial. *Id.* 435 U.S. at 863, 98 S.Ct. at 1554, 56 L.Ed.2d at 29. The Supreme Court noted that courts must carefully assess the facts of each particular case in order to properly resolve a speedy trial claim. *Id.* 435 U.S. at 858, 98 S.Ct. at 1551, 56 L.Ed.2d at 26. Therefore, the Court held that these claims "are best considered only after the relevant facts have been developed at trial." *Id.* "Before trial, ... an estimate of the degree to which delay has impaired an adequate defense tends to be speculative." *Id.* 435 U.S. at 858, 98 S.Ct. at 1552, 56 L.Ed.2d at 26. The court found it relevant to point out that although a defendant who prevails in this pretrial motion to dismiss will not be tried, the right to a speedy trial does not encompass a right not to be tried. *Id.*, 435 U.S. at 860–61, nn. 7 & 8, 98 S.Ct. at 1552–53, nn. 7 & 8, 56 L.Ed.2d at 27–28, nn. 7 & 8.

▮ With these arguments in mind, we review Texas law governing the prerequisite to habeas corpus relief. In Texas, an error of constitutional magnitude can be considered by a post-conviction application for writ of habeas corpus even though it is not raised in the direct appeal. *Ex parte Banks*, 769 S.W.2d 539, 540–41 (Tex.Crim. App.1989) (opinion on reh'g). However, precedent holds that because habeas corpus is an extraordinary remedy, an appellate court should not entertain an application for writ of habeas corpus unless there is no adequate remedy at law. *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex.Crim. App.1978). Thus, the Court of Criminal Appeals years ago held that the claim to a speedy trial may not be addressed through a pretrial application for writ of habeas corpus. *Ex parte Jones*, 449 S.W.2d 59, 59–60 (Tex.Crim.App.1970). The court based its decision on the fact that the trial court by statute could review this claim by a pretrial motion to set aside the indictment; making writ of habeas corpus unavailable because a direct appeal will remedy an erroneous denial of this type of motion to dismiss. *Id.* at 60; *see Bennet v. State*, 818 S.W.2d 199, 200 (Tex.App.—

nied, —— U.S. ——, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992).

2. U.S. CONST. amend. VI.

Houston [14th Dist.] 1991, no pet.) (dismissing a pretrial appeal from denial of writ of habeas corpus claiming the violation of speedy trial because the writ is an extraordinary remedy available only when there is no adequate remedy at law); *but see Harrison v. State*, 843 S.W.2d 157, 158 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (addressing merits of pretrial writ of habeas corpus without discussing *Bennet*).

Appellant claims that this holding is no longer binding upon us because it was decided before the Supreme Court decided *Barker*. We disagree. The procedural statute upon which *Ex parte Jones* is based is still in effect today. TEX.CODE CRIM.PROC. ANN. art. 27.03 (Vernon 1989). Thus, the substance of *Barker* does not change the binding effect of the Court of Criminal Appeal's decision in *Ex parte Jones*. A pretrial motion to dismiss and a post-conviction appeal of the denial of that dismissal are the avenues in Texas for appellant to assert the denial of his right to a speedy trial.

Finally, we agree with the State that under *MacDonald* a pretrial appeal is not necessary to correct the denial of the right to a speedy trial despite the prolonged delay suffered by a defendant. *MacDonald* is clear that the right to a speedy trial does not encompass the right not to be tried; thus, an appeal after trial is an adequate remedy for the denial of this right. Also, it is as true today as when *MacDonald* was decided that an appellate court reviewing this type of claim is better able to assess the relevant facts after they have been developed in both the pretrial hearing and the trial itself. In light of this, we hold that a denial of the right to a speedy trial may not be challenged through a pretrial writ of habeas corpus.

Accordingly, we dismiss the appeal.