

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00113-CR

_____

EX PARTE JOANNA GASPERSON

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F12572

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In 1997, Joanna Gasperson improperly diverted, from the Texas Teacher Retirement System (TRS), funds withheld for individual teachers' retirement contributions. As a result, she has been pursued both civilly and criminally. In this appeal, Gasperson challenges pretrial orders that denied her motion to set aside the indictment for a denial of the constitutional right to speedy trial and her pretrial application for writ of habeas corpus seeking relief from double jeopardy. We (1) dismiss the interlocutory speedy-trial appeal for want of jurisdiction and (2) affirm the trial court's ruling finding no violation of double jeopardy.

After Gasperson's diversion of funds was discovered, TRS, acting through the Texas Attorney General, filed a civil suit against Gasperson in September 1998 in the district court of Travis County, cause number 98-10409. TRS was granted a default judgment February 23, 2000, because Gasperson failed to appear, apparently due to medical complications from hairy cell leukemia. On April 28, 2000, Gasperson was also criminally indicted in Marion County for misapplication of funds. Bond was forfeited and capias was set to be issued January 16, 2001. In April or May 2001, Gasperson paid $14,032.49 to the State of Texas and settled all issues with TRS related to the civil suit and judgment. The default judgment was vacated and the civil case was nonsuited May 16, 2001, in accordance with the settlement agreement.

Despite the civil settlement, the Marion County criminal indictment was still pending. A warrant for Gasperson's arrest was received by the Marion County Sheriff's Department January 24,

2

2001, but Gasperson was not arrested until November 20, 2007. Complaining of the six-year delay, Gasperson filed a motion to set aside the indictment on speedy-trial grounds. A pretrial application for writ of habeas corpus seeking relief from double jeopardy based on the civil suit was also filed. A pretrial hearing was held May 16, 2008, and the trial court denied both motions. This appeal ensued.

*(1)     We Have No Jurisdiction over the Interlocutory Speedy-Trial Appeal*

This Court is not authorized to entertain appeals from interlocutory orders unless expressly permitted by statute. *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970) (while court can pass on constitutional right to speedy trial in motion to set aside indictment, review of ruling cannot occur before conviction and appeal); *Ex parte Conner*, 439 S.W.2d 350 (Tex. Crim. App. 1969). The law is clear that a "pretrial denial of a speedy trial claim can never be considered a complete, formal, and final rejection by the trial court of the defendant's contention." *United States v. McDonald*, 435 U.S. 850, 859 (1978). "Allowing an exception to the rule against pretrial appeals in criminal cases for speedy trial claims would threaten precisely the values manifested in the Speedy Trial Clause." *Id.* at 862; *Hazen v. Pickett*, 581 S.W.2d 694, 695 (Tex. Crim. App. 1979). Thus, it would not be appropriate for this Court to review the ruling of the trial court before trial, conviction, and appeal. *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. 1979); *Jones*, 449 S.W.2d at 60; *Conner*, 439 S.W.2d at 350. We have no choice but to dismiss Gasperson's first point of error

3

for want of jurisdiction. *Ex parte Burgett*, 850 S.W.2d 267, 269 (Tex. App.—Fort Worth 1993, no writ).

*(2)    Gasperson Has Not Been Subjected to Double Jeopardy*

The Double Jeopardy Clauses in the Fifth Amendment to the United States Constitution and Article I, Section 14 of the Texas Constitution declare that no person for the same offence shall "be twice put in jeopardy of life or limb." *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14.  The Texas Constitution adds "nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."  Since the prohibition against double jeopardy is "a guarantee against being twice put to trial for the same offense," "the rights conferred on a criminal accused by the Double Jeopardy Clause[s] would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence." *Ex parte Robinson*, 641 S.W.2d 552, 554 (Tex. Crim. App. 1982) (quoting *Abney v. United States*, 431 U.S. 651, 652, 661 (1977)).  Thus, where the appeal is taken from a denial of a writ of habeas corpus, appellate courts have jurisdiction to review double-jeopardy issues. *Robinson*, 641 S.W.2d at 555.

We must first analyze whether jeopardy previously attached before examining whether Gasperson's current prosecution is barred by a second jeopardy. *Ex parte Ward*, 964 S.W.2d 617, 625 (Tex. Crim. App. 1998); *Ex parte George*, 913 S.W.2d 523, 525 (Tex. Crim. App. 1995).  The Double Jeopardy Clauses protect only against the imposition of multiple criminal punishments for the same offense. *Hudson v. United States*, 522 U.S. 93, 99 (1997) (holding civil suit resulting in

4

monetary civil penalties for violation of federal banking statutes did not bar later criminal prosecution). Before a civil remedy can constitute jeopardy, we must find that it "was so punitive either in purpose or effect . . . as to transfor[m] what was clearly intended as a civil remedy into a criminal penalty." *Id.* The seven factors that aid in this assessment as prescribed by the United States Supreme Court include:

> 1) whether the sanction involves an affirmative disability or restraint; 2) whether it has historically been regarded as a punishment; 3) whether it comes into play only on a finding of *scienter*; 4) whether its operation will promote the traditional aims of punishment – retribution and deterrence; 5) whether the behavior to which it applies is already a crime; 6) whether an alternative purpose to which it may rationally be connected is assignable for it; 7) whether it appears excessive in relation to the alternative purpose assigned.

*Id.* at 99–100. Only the clearest proof of punitive intent will transform what the Legislature intended to be a civil penalty into a criminal penalty. *Id.* at 100.

Here, Gasperson was only required to make restitution of the sums withheld from employee paychecks. The restitution did not involve affirmative disability or restraint, and did not require a finding of scienter. The purpose for monetary restitution is to compensate for a loss, rather than punish or deter the wrongdoer. For this reason, restitution has not historically been viewed as punishment in the double-jeopardy context. *See Capps v. State*, 265 S.W.3d 44, 51 (Tex. App.—Houston [1st Dist] 2008, pet. ref'd); *Covarrubias v. Tex. Dep't of Criminal Justice—Inst. Div.*, 52 S.W.3d 318 (Tex. App.—Corpus Christi 2001, no pet.); *Ex parte Lozano*, 982 S.W.2d 511, 513 (Tex. App.—San Antonio 1998, no pet.). Although the conduct for which restitution is awarded

5

can be criminal or civil, "this fact is insufficient to render the sanction[] 'criminally punitive.'" *Capps*, 265 S.W.3d at 52 (citing *Ex parte Sheridan*, 974 S.W.2d 129, 134 (Tex. App.—San Antonio 1998, pet. ref'd)). The alternative purpose for restitution is to make the plaintiff or victim whole and is not excessive when viewed in light of this purpose. Based on these factors, we cannot say that the Legislature intended civil restitution to be considered as a criminal punishment, especially in light of a separate statute authorizing awards of criminal restitution. TEX. CODE CRIM. PROC. ANN. art. 42.037 (Vernon Supp. 2008).

Gasperson argues that the settlement of the civil action bars her criminal prosecution. However, our finding is bolstered by the United States Court of Appeals Eighth Circuit case of *United States v. Brekke*, which is similar in procedural disposition. 97 F.3d 1043 (8th Cir. 1996). Brekke Construction, Inc., and their owners (Brekke) certified that they pledged particular mortgage positions on properties to secure guarantees from the Small Business Administration (SBA). *Id.* at 1045. When Brekke defaulted, the SBA discovered the mortgage positions reported were incorrect. *Id.* The SBA brought a civil suit against Brekke and sought to recover actual losses and treble damages under the North Dakota False Claims Act. *Id.* at 1046. Brekke and the SBA entered into a settlement agreement which dismised the civil action and released all claims against Brekke in exchange for payment of $130,000.00. *Id.* Nevertheless, a grand jury indicted Brekke for bank fraud. *Id.* The Eighth Circuit noted that "it is well established that the government may have both a civil and criminal cause of action as a result of a single factual situation" and that the SBA only

6

sought to recover its losses in the civil case and determined that the civil action did not constitute a criminal punishment for which jeopardy could attach. *Id.* at 1047–48.

As in *Brekke,* the civil suit brought by the TRS sought to recover the sums lost by teacher employees. The attorney general entered into a settlement agreement with Gasperson and the default judgment was vacated in exchange for payment of $14,032.49. Because the SBA only sought restitution, which was not a criminal penalty according to the seven factors analyzed above, jeopardy did not attach, and the State was authorized to bring a separate criminal cause for Gasperson's actions. Therefore, the Marion County criminal suit was not barred by the Double Jeopardy Clauses of the United States or Texas Constitutions.

Because we lack jurisdiction over Gasperson's speedy-trial interlocutory appeal, we dismiss that claim. Because we conclude that her civil restitution was not a criminal punishment to which jeopardy can attach, we affirm the trial court's ruling finding no violation of double jeopardy.

Josh R. Morriss, III
Chief Justice

Date Submitted:  November 18, 2008
Date Decided:  November 26, 2008

Do Not Publish

7