In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00113-CR


______________________________




EX PARTE JOANNA GASPERSON





 


On Appeal from the 276th Judicial District Court


 Marion County, Texas


Trial Court No. F12572




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 In 1997, Joanna Gasperson improperly diverted, from the Texas Teacher Retirement System
(TRS), funds withheld for individual teachers' retirement contributions. As a result, she has been
pursued both civilly and criminally. In this appeal, Gasperson challenges pretrial orders that denied
her motion to set aside the indictment for a denial of the constitutional right to speedy trial and her
pretrial application for writ of habeas corpus seeking relief from double jeopardy. We (1) dismiss
the interlocutory speedy-trial appeal for want of jurisdiction and (2) affirm the trial court's ruling
finding no violation of double jeopardy. 

 After Gasperson's diversion of funds was discovered, TRS, acting through the Texas Attorney
General, filed a civil suit against Gasperson in September 1998 in the district court of Travis County,
cause number 98-10409. TRS was granted a default judgment February 23, 2000, because
Gasperson failed to appear, apparently due to medical complications from hairy cell leukemia. On
April 28, 2000, Gasperson was also criminally indicted in Marion County for misapplication of
funds. Bond was forfeited and capias was set to be issued January 16, 2001. In April or May 2001,
Gasperson paid $14,032.49 to the State of Texas and settled all issues with TRS related to the civil
 suit  and  judgment.  The  default  judgment  was  vacated  and  the  civil  case  was  nonsuited May
16, 2001, in accordance with the settlement agreement. 

 Despite the civil settlement, the Marion County criminal indictment was still pending. A
warrant for Gasperson's arrest was received by the Marion County Sheriff's Department January 24,
2001, but Gasperson was not arrested until November 20, 2007. Complaining of the six-year delay,
Gasperson filed a motion to set aside the indictment on speedy-trial grounds. A pretrial application
for writ of habeas corpus seeking relief from double jeopardy based on the civil suit was also filed. 
A pretrial hearing was held May 16, 2008, and the trial court denied both motions. This appeal
ensued.

(1) We Have No Jurisdiction over the Interlocutory Speedy-Trial Appeal

 This Court is not authorized to entertain appeals from interlocutory orders unless expressly
permitted by statute. Ex parte Jones, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970) (while court can
pass on constitutional right to speedy trial in motion to set aside indictment, review of ruling cannot
occur before conviction and appeal); Ex parte Conner, 439 S.W.2d 350 (Tex. Crim. App. 1969). 
The law is clear that a "pretrial denial of a speedy trial claim can never be considered a complete,
formal, and final rejection by the trial court of the defendant's contention." United States v.
McDonald, 435 U.S. 850, 859 (1978). "Allowing an exception to the rule against pretrial appeals
in criminal cases for speedy trial claims would threaten precisely the values manifested in the Speedy
Trial Clause." Id. at 862; Hazen v. Pickett, 581 S.W.2d 694, 695 (Tex. Crim. App. 1979). Thus, it
would not be appropriate for this Court to review the ruling of the trial court before trial, conviction,
and appeal. Ex parte Delbert, 582 S.W.2d 145, 146 (Tex. Crim. App. 1979); Jones, 449 S.W.2d at
60; Conner, 439 S.W.2d at 350. We have no choice but to dismiss Gasperson's first point of error
for want of jurisdiction. Ex parte Burgett, 850 S.W.2d 267, 269 (Tex. App.--Fort Worth 1993, no
writ). 

(2) Gasperson Has Not Been Subjected to Double Jeopardy

 The Double Jeopardy Clauses in the Fifth Amendment to the United States Constitution and
Article I, Section 14 of the Texas Constitution declare that no person for the same offence shall "be
twice put in jeopardy of life or limb." See U.S. Const. amend. V; Tex. Const. art. I, § 14. The
Texas Constitution adds "nor shall a person be again put upon trial for the same offense, after a
verdict of not guilty in a court of competent jurisdiction." Since the prohibition against double
jeopardy is "a guarantee against being twice put to trial for the same offense," "the rights conferred
on a criminal accused by the Double Jeopardy Clause[s] would be significantly undermined if
appellate review of double jeopardy claims were postponed until after conviction and sentence." Ex
parte Robinson, 641 S.W.2d 552, 554 (Tex. Crim. App. 1982) (quoting Abney v. United States, 431
U.S. 651, 652, 661 (1977)). Thus, where the appeal is taken from a denial of a writ of habeas corpus,
appellate courts have jurisdiction to review double-jeopardy issues. Robinson, 641 S.W.2d at 555. 

 We must first analyze whether jeopardy previously attached before examining whether 
Gasperson's current prosecution is barred by a second jeopardy. Ex parte Ward, 964 S.W.2d 617,
625 (Tex. Crim. App. 1998); Ex parte George, 913 S.W.2d 523, 525 (Tex. Crim. App. 1995). The
Double Jeopardy Clauses protect only against the imposition of multiple criminal punishments for
the same offense. Hudson v. United States, 522 U.S. 93, 99 (1997) (holding civil suit resulting in
monetary civil penalties for violation of federal banking statutes did not bar later criminal
prosecution). Before a civil remedy can constitute jeopardy, we must find that it "was so punitive
either in purpose or effect . . . as to transfor[m] what was clearly intended as a civil remedy into a
criminal penalty." Id. The seven factors that aid in this assessment as prescribed by the United
States Supreme Court include: 

1) whether the sanction involves an affirmative disability or restraint; 2) whether it
has historically been regarded as a punishment; 3) whether it comes into play only
on a finding of scienter; 4) whether its operation will promote the traditional aims
of punishment - retribution and deterrence; 5) whether the behavior to which it
applies is already a crime; 6) whether an alternative purpose to which it may
rationally be connected is assignable for it; 7) whether it appears excessive in
relation to the alternative purpose assigned.


Id. at 99-100. Only the clearest proof of punitive intent will transform what the Legislature intended
to be a civil penalty into a criminal penalty. Id. at 100. 

 Here, Gasperson was only required to make restitution of the sums withheld from employee
paychecks. The restitution did not involve affirmative disability or restraint, and did not require a
finding of scienter. The purpose for monetary restitution is to compensate for a loss, rather than
punish or deter the wrongdoer. For this reason, restitution has not historically been viewed as
punishment in the double-jeopardy context. See Capps v. State, 265 S.W.3d 44, 51 (Tex.
App.--Houston [1st Dist] 2008, pet. ref'd); Covarrubias v. Tex. Dep't of Criminal Justice--Inst.
Div., 52 S.W.3d 318 (Tex. App.--Corpus Christi 2001, no pet.); Ex parte Lozano, 982 S.W.2d 511,
513 (Tex. App.--San Antonio 1998, no pet.). Although the conduct for which restitution is awarded
can be criminal or civil, "this fact is insufficient to render the sanction[] 'criminally punitive.'" 
Capps, 265 S.W.3d at 52 (citing Ex parte Sheridan, 974 S.W.2d 129, 134 (Tex. App.--San Antonio
1998, pet. ref'd)). The alternative purpose for restitution is to make the plaintiff or victim whole and
is not excessive when viewed in light of this purpose. Based on these factors, we cannot say that the
Legislature intended civil restitution to be considered as a criminal punishment, especially in light
of a separate statute authorizing awards of criminal restitution. Tex. Code Crim. Proc. Ann. art.
42.037 (Vernon Supp. 2008). 

 Gasperson argues that the settlement of the civil action bars her criminal prosecution. 
However, our finding is bolstered by the United States Court of Appeals Eighth Circuit case of
United States v. Brekke, which is similar in procedural disposition. 97 F.3d 1043 (8th Cir. 1996). 
Brekke Construction, Inc., and their owners (Brekke) certified that they pledged particular mortgage
positions on properties to secure guarantees from the Small Business Administration (SBA). Id. at
1045. When Brekke defaulted, the SBA discovered the mortgage positions reported were incorrect. 
Id. The SBA brought a civil suit against Brekke and sought to recover actual losses and treble
damages under the North Dakota False Claims Act. Id. at 1046. Brekke and the SBA entered into
a settlement agreement which dismised the civil action and released all claims against Brekke in
exchange for payment of $130,000.00. Id. Nevertheless, a grand jury indicted Brekke for bank
fraud. Id. The Eighth Circuit noted that "it is well established that the government may have both
a civil and criminal cause of action as a result of a single factual situation" and that the SBA only
sought to recover its losses in the civil case and determined that the civil action did not constitute
a criminal punishment for which jeopardy could attach. Id. at 1047-48. 

 As in Brekke, the civil suit brought by the TRS sought to recover the sums lost by teacher
employees. The attorney general entered into a settlement agreement with Gasperson and the default
judgment was vacated in exchange for payment of $14,032.49. Because the SBA only sought
restitution, which was not a criminal penalty according to the seven factors analyzed above, jeopardy
did not attach, and the State was authorized to bring a separate criminal cause for Gasperson's
actions. Therefore, the Marion County criminal suit was not barred by the Double Jeopardy Clauses
of the United States or Texas Constitutions. 

 Because we lack jurisdiction over Gasperson's speedy-trial interlocutory appeal, we dismiss
that claim. Because we conclude that her civil restitution was not a criminal punishment to which
jeopardy can attach, we affirm the trial court's ruling finding no violation of double jeopardy.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 18, 2008

Date Decided: November 26, 2008


Do Not Publish



hwest corner of the herein described tract;
 
THENCE, North 00°05'52" West, a distance of 1915.21 feet to a ½" iron rod set for
corner in the north line of said William P. Stapp Survey, same being the north line
of said 160 acre tract; said ½" iron rod being in County Road 487, from which a ½"
iron rod set for reference bears South 00°05'52" East, 30.00 feet;
 
THENCE, North 89°26'53" East, with the north line of said Stapp Survey and said
160 acre tract, a distance of 384.56 feet to the POINT OF BEGINNING and
containing 16.836 acres of land.
 
            Tuncle's deed and Jackson's deed appear to convey title to the same parcel of land (although
Jackson's title clearly intended to convey a substantially larger land mass). Thus, the evidence before
the county court at law fairly raised a question of title as to the property at issue in the underlying
detainer suit. The county court at law (because its appellate jurisdiction is limited to the justice
court's original jurisdiction) then determined it lacked subject-matter jurisdiction to proceed further
and, on December 8, 2004, granted Jackson's motion to dismiss.
II. The Trial Court Did Not Err In Granting Jackson's Motion for New Trial
            In his first point of error, Tuncle contends the trial court erred by granting Jackson's motion
for new trial. A trial court has broad discretion to grant or deny a motion for new trial. Champion
Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding). We
will not reverse a trial court's ruling on a motion for new trial absent a clear showing that the trial
court abused its discretion. Pessel v. Jenkins, 125 S.W.3d 807, 810 (Tex. App.—Texarkana 2004,
no pet.). 
            The Texas Rules of Civil Procedure expressly require "[a]ll communications from the court
or other counsel with respect to a suit shall be sent to the attorney in charge." Tex. R. Civ. P. 8. 
Moreover, the fact that a party has been denied due process through a lack of notice satisfies the first
Craddock


 factor of showing the failure to answer before judgment was not intentional or the result
of indifference and, in such event, the party need not satisfy the remaining Craddock requirements. 
Pessel, 125 S.W.3d at 810.
            Neither Tuncle nor the county clerk provided Jackson's counsel with proper notice of the
appeal. The evidence before the trial court supports the trial court's conclusion that the failure to
notify Jackson's counsel of the appeal directly caused Jackson's failure to answer the appeal. We
cannot say the trial court abused its discretion by granting Jackson's motion for new trial. Cf. Lopez
v. Lopez, 757 S.W.2d 721, 722–23 (Tex. 1988); Leon's Fine Foods of Tex., Inc. v. Merit Inv.
Partners, L.P., 160 S.W.3d 148, 154 (Tex. App.—Eastland 2005, no pet.). We overrule Tuncle's
first point of error.
III. The Trial Court Did Not Err by Dismissing Tuncle's Suit
            In his second point of error, Tuncle contends the trial court erred by dismissing his suit for
forcible entry and detainer. A forcible entry and detainer action is not an exclusive remedy; it is
cumulative. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307, 309 (1935). Suits for forcible entry
and detainer may be prosecuted concurrently with a trespass to try title claim filed with the district
court. Id.; Hartzog v. Seeger Coal Co., 163 S.W. 1055, 1059 (Tex. Civ. App.—Dallas 1914, no
writ). However, when the question of title to the property "is so integrally linked to the issue of
possession that the right to possession cannot be determined without first determining title, then the
justice courts and, on appeal, the county courts, lack jurisdiction over the matter." Gibson v. Dynegy
Midstream Servs., L.P., 138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.) (citing
Dormady v. Dinero Land & Cattle Co., 61 S.W.3d 555, 557–58 (Tex. App.—San Antonio 2001, pet.
dism'd w.o.j.); Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.);
Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995,
writ denied)).
            The county court at law dismissed Tuncle's appeal after the court had been presented with
two different deeds, each suggesting a different party to this suit owned the property in question. 
Thus, the facts of this case are different from the typical landlord-tenant dispute over who should
possess the rental property; the parties are actually at odds over who owns the property. We
therefore conclude that the questions of title and possession are—given the facts of this case—so
integrally linked that the justice court (and also the county court at law) could not have decided
Tuncle's claims for forcible entry and detainer without first deciding Jackson's title claim. 
Accordingly, the justice court and county court at law properly dismissed Tuncle's suit for want of
jurisdiction. Cf. Gibson, 138 S.W.3d at 522 (citing Dormady, 61 S.W.3d at 557–58; Falcon, 976
S.W.2d at 338; Mitchell, 911 S.W.2d at 171)). We overrule Tuncle's second point of error.
IV. Conclusion
            We affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice


Date Submitted:          August 8, 2005
Date Decided:             August 9, 2005