

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE: | § | No. 08-23-00325-CR |
| JUAN MIGUEL RODRIGUEZ-CERDA | § | Appeal from the |
| Appellant. | § | The County Court |
| | § | Of Kinney County, Texas |
| | § | (TC# 10868CR) |

## MEMORANDUM OPINION

Appellant Juan Miguel Rodriguez-Cerda (Rodriguez-Cerda) is a noncitizen who was arrested under Operation Lone Star (OLS) and charged with the misdemeanor offense of criminal trespass. Contending he was the subject of selective prosecution in violation of state and federal constitutional equal protection principles, Rodriguez-Cerda filed an application for pretrial writ of habeas corpus requesting a habeas writ, evidentiary hearing, and dismissal of the underlying charge. The trial court denied his application on the merits, and Rodriguez-Cerda appealed, contending the trial court erred in not granting his requested relief. For the reasons set forth below, we reverse the trial court's order and remand for the trial court to dismiss the criminal proceedings against him with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Rodriguez-Cerda's arrest and his application for habeas relief

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety to

initiate OLS to "deter[] illegal border crossing and . . . prevent criminal activity along the border." *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023, pet. granted). As part of OLS, Rodriguez-Cerda was arrested for criminal trespass in Kinney County on October 3, 2021. Rodriguez-Cerda filed two applications for pretrial writ of habeas corpus, one on September 9, 2022, and another on September 18, 2023. In both applications, he sought dismissal of the criminal charge, arguing his rights had been violated under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment, as the State was selectively prosecuting men, and not similarly situated women, for criminal trespass as part of OLS. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 3a. Rodriguez-Cerda attached several exhibits supporting his claim that the State had a policy of arresting only male noncitizens for criminal trespass while referring similarly situated female noncitizens to Border Patrol. Among the exhibits was a Notice of Stipulation the State filed in another OLS case in which it stipulated: "women are not prosecuted for trespass as part of Operation Lone Star, even when they are found trespassing." He further provided an affidavit from the Maverick County Sheriff stating he was told during a meeting with Texas DPS that "only men would be arrested for criminal trespass" pursuant to the OLS policy, and "it was their policy that women would not be arrested for criminal trespass." The sheriff was then asked to sign a letter, along with the county judge, acknowledging that all individuals arrested under OLS would be housed in temporary facilities outside his county, despite the fact that he had jail facilities that could accommodate women. Rodriguez-Cerda also attached an affidavit from Claudia Molina, the assignment supervisor for the Lubbock County Public Defender's office, dated September 23, 2022, stating that based on her review of the records, of the 5,000 noncitizens arrested at the border, "no women have ever been appointed counsel for OLS misdemeanor trespass charges."

Finally, Rodriguez-Cerda attached a lengthy reporter's record from a November 18, 2022 hearing involving several other OLS defendants who brought applications seeking pretrial writs of

2

habeas corpus on selective prosecution grounds. At the hearing, Molina testified that based on a report she had run the day before, her office had processed 5,700 OLS trespass cases, 3,700 of which were in Kinney County. According to the report, none of the individuals arrested were women, and she believed that women who were found trespassing were instead sent to Border Patrol. Captain Joel Betancourt, who oversees the district in which participating OLS counties are located, also testified at the hearing that pursuant to OLS policy, only men were arrested at the border for criminal trespass and women were "always sent to immigration" because there was no "place to put them"— the local county jails did not have the capacity to house them, and the billion-dollar facility the State built to house OLS trespassers could only accommodate men. The State did not file a response to the application.

On September 20, 2023, the trial court denied Rodriguez-Cerda's application. Rodriguez-Cerda filed an appeal to the Fourth Court of Appeals, which was then transferred to this Court through a Texas Supreme Court docket equalization order. *See* Tex. R. App. P. 41.3. As discussed below, we follow the Fourth Court of Appeals' precedent in resolving the appeal as we are required to do by Texas Rule of Appellate Procedure 41.3.[1] *Id*.

## B. *Aparicio* and its progeny

On June 21, 2023, three months before the trial court denied Rodriguez-Cerda's application, the Fourth Court of Appeals issued its opinion in *Ex parte Aparicio*, 672 S.W.3d 696.[2] In that case, a noncitizen (Aparicio), who had been arrested for criminal trespass in Maverick County as part of OLS, filed a similar application for pretrial writ of habeas corpus seeking dismissal of the charge

---

[1] Rule 41.3 provides: "In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. The court's opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent." Tex. R. App. P. 41.3.

[2] The State does not contend that the trial court was unaware of the Fourth Court of Appeals' holding in *Aparicio* when it ruled on Rodriguez-Cerda's application.

3

against him, making an identical claim that the State was selectively prosecuting men under OLS in violation of his state and federal constitutional rights. *Id*. at 701. Unlike the present case, however, the trial court in *Aparicio* issued the writ and held a full evidentiary hearing on the question of whether the State was engaging in selective prosecution. *Id*. at 701–06. The trial court denied the writ on the merits, despite undisputed evidence that the State was criminally prosecuting only male noncitizens for trespass under OLS, finding that Aparicio's equal protection argument failed because the State could prosecute women if it "chose to."[3] *Id*. at 706.

On appeal, the Fourth Court of Appeals disagreed, finding Aparicio had met his initial burden of establishing a prima facie case of selective prosecution, i.e., that the State had a "prosecutorial policy" which resulted in a "discriminatory effect and that it was motivated by a discriminatory purpose." *Id*. at 71–14. The State then argued "'the emergency situation on Texas's southern border' justifies its discriminatory actions." *Id*. at 716. However, the court of appeals noted that the trial court never reached the merits of that issue, and it therefore reversed the trial court's denial of Aparicio's application for a writ of habeas corpus and remanded the matter to the trial court to "determine whether the State's discriminatory classification was justified" under both constitutional claims.[4] *Id*.

The Fourth Court of Appeals has since decided several cases involving OLS criminal trespass prosecutions in which it found, under State constitutional standards, that the State did not

---

[3] In particular, the trial court heard evidence that "as part of OLS, 4,076 people had been arrested for misdemeanor offenses and not a single individual arrested was a woman." *Ex parte Aparicio*, 672 S.W.3d 696, 714 (Tex. App.—San Antonio 2023, pet. granted).

[4] The State filed a petition for discretionary review of the Fourth Court of Appeals' decision in *Aparicio* to the Texas Court of Criminal Appeals, which granted review. In its petition, the State's sole argument focused on whether the trial court erred in finding that Aparicio's claim was cognizable in a pretrial writ of habeas corpus. However, upon accepting the State's petition, the Court of Criminal Appeals ordered that the parties brief the following substantive question: "Whether the Court of Appeals erred in reversing the trial court's finding that Appellant failed to establish a prima facie case of selective prosecution on the basis of sex discrimination." *See Aparcio v. State*, No. PD-0461-23, 2024 WL 178283 (Tex. Crim. App. 2024). As of this date, the Court of Criminal Appeals has not issued its opinion deciding either issue.

meet its burden of establishing a justification for its discriminatory policy of selectively prosecuting men only. For example, in *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed) another male non-citizen (Gomez) filed an application for a pretrial writ of habeas corpus making a similar claim of selective prosecution on the basis of sex following his arrest in Kinney County for criminal trespass as part of OLS. In that case, the trial court issued the writ, held an evidentiary hearing, then granted the writ. *Id*. at *1. The State appealed, conceding it had only arrested males at the border under OLS, but arguing its discriminatory actions were justified based on: "(1) Governor Abbott's Proclamation declaring an emergency regarding border security; and (2) testimony that the counties implementing OLS do not have sufficient facilities to hold women detainees." *Id*. at *5. The Fourth Court of Appeals rejected the State's argument, finding that although security at the border may be considered a compelling interest, the State did not demonstrate its actions were narrowly tailored to serve that interest. *Id.* The court noted that OLS was a multi-billion-dollar operation, and the State did not explain why it could not have allocated funds for a facility to hold women. *Id*. The court therefore held that the trial court did not abuse its discretion in "concluding the State failed in its burden of justifying its discriminatory conduct," and it affirmed the trial court's decision to grant the defendant his requested relief and dismiss his criminal case. *Id*.; *see also State v. Garcia Compean*, No. 04-22-00886-CR, 2023 WL 8104870, at *2 (Tex. App.— San Antonio Nov. 22, 2023, pet. filed) (mem. op., not designated for publication) (affirming trial court's order granting pretrial habeas relief where State failed to meet its burden of justifying its discriminatory policy); *Ex parte Marcos-Callejas*, No. 04-23-00327-CR, 2024 WL 2164653, at *7 (Tex. App.—San Antonio May 15, 2024, no pet. h.) (reversing trial court's order denying OLS defendant's application for pretrial writ of habeas corpus and ordering defendant's criminal case dismissed, where the State failed to meet its burden of justifying its discriminatory policy); *Ex parte Vazquez-Bautista*, 683 S.W.3d 504, 510 (Tex. App.—San Antonio

5

2023, pet. filed) (opinion on en banc reconsideration) (same).

### C. The issues before us

In this case, the primary focus of the State's brief is on whether the trial court lacked jurisdiction to hear Rodriguez-Cerda's application, contending that a claim of selective prosecution is not cognizable in a pretrial writ of habeas corpus. In addition, the State argues Rodriguez-Cerda did not establish a prima facie case of selective prosecution, asserting that he presented no evidence to "establish that the government's discriminatory selection of him for prosecution [was] invidious or in bad faith." As explained below, in light of *Aparicio*, we reject both arguments.

## II. RODRIGUEZ-CERDA'S CLAIMS ARE COGNIZABLE IN A PRETRIAL WRIT OF HABEAS CORPUS

We start with the State's argument that Rodriguez-Cerda's claim of selective prosecution is not cognizable in a pretrial writ of habeas corpus. The State acknowledges that the Fourth Court of Appeals held in *Aparicio* that claims of this nature are cognizable in a pretrial habeas corpus proceeding, but contends that "[t]here is no competent legal authority supporting the Court's rulings" in Aparicio and its progeny. The State urges us not to follow the Fourth Court of Appeals' precedent in these cases.

In support of its argument, the State primarily relies on *Ex parte Perry*, 483 S.W.3d 884, 896 (Tex. Crim. App. 2016) for the proposition that the Court of Criminal Appeals adopted an "exclusive list" of situations in which a defendant may seek a pretrial writ of habeas corpus, to include only claims of double jeopardy, bail claims, and claims relating to and raised by elected officials. The court in *Aparicio*, however, did not read *Perry* so narrowly, and instead referred to its earlier holding in *Ex parte Dominguez Ortiz*, 668 S.W.3d 126, 131 (Tex. App.—San Antonio 2023, no pet.) in which it interpreted *Perry* as holding that a pretrial writ "may be appropriate when 'the particular constitutional right at issue . . . is the type that would be effectively undermined if not vindicated prior to trial.'" *Ex parte Aparicio*, 672 S.W.3d at 710 (citing *Ex parte Dominguez Ortiz*, 668 S.W.3d

6

at 131, quoting *Ex parte Perry*, 483 S.W.3d at 896). And in *Aparicio*, the court determined that the defendant's "constitutional right to equal protection would be effectively undermined if not vindicated before trial." *Ex parte Aparicio*, 672 S.W.3d at 711.

The State also cites *Ex parte Sheffield*, 685 S.W.3d 86, 95 (Tex. Crim. App. 2023), which was issued after *Aparicio*, in an attempt to persuade us that the ruling in *Aparicio* was wrongly decided. We reject this argument for two reasons.

First, we do not read *Sheffield* as having any impact on the holding in *Aparicio*. In *Sheffield*, the court simply reiterated its long-standing view that an "applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial[.]" *Ex parte Sheffield*, 685 S.W.3d at 95 (citing *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. [Panel Op.] 1979); *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970)). While the court did recognize that "pretrial habeas corpus is available 'only in very limited circumstances,'" such as in cases in which a defendant has raised a claim of double jeopardy, it did not hold that a double jeopardy claim is the *only* claim that a defendant may bring in a pretrial habeas application. *Id*. at 93 (citing *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)). To the contrary, the court in *Sheffield* referred its prior pronouncement in *Perry*, in which it recognized that a defendant may bring a pretrial habeas application to assert a constitutional right in situations in which "postponing relief until after trial . . . would effectively undermine the right, such that vindication would have to come before trial." *Id*. at 96 (citing *Perry*, 483 S.W.3d at 895–96). As set forth above, in *Aparicio*, the Fourth Court of Appeals expressly determined that the constitutional right to be free from selective prosecution is just such a right that must be vindicated prior to trial, or it would be lost.[5] *Ex parte Aparicio*, 672

---

[5] The State also contends that allowing a defendant to bring a claim of selective prosecution "will not serve either the interests of protecting defendants from selective prosecution or promoting judicial efficiency," and argues instead, a defendant should raise the issue in a motion to dismiss, which if denied, can be addressed on appeal from a conviction. As set forth above, however, the Fourth Court of Appeals has expressly concluded that a selective prosecution claim is of

7

S.W.3d at 711.

Second, although the State encourages us to reject the Fourth Court of Appeals' holding on the issue of cognizability, as a transferee court, we are prohibited from doing so. As set forth above, the Rules of Appellate Procedure provide that a transferee court is bound by the transferor court's precedent, even if it conflicts with our own.[6] Tex. R. App. P. 41.3. Therefore, given the binding authority from the Fourth Court of Appeals on this issue, we are constrained to follow that authority, and must do so even though the Court of Criminal Appeals has granted review of the *Aparicio* opinion. *See Brazos Elec. Power Coop., Inc. v. Tex. Comm'n on Envtl. Quality*, 576 S.W.3d 374, 382–83, n. 6 (Tex. 2019) (an opinion issued by a transferor court remains "binding precedent" even though the case is pending on rehearing).

Accordingly, we conclude that Rodriguez-Cerda's claim of selective prosecution is cognizable in a pretrial writ of habeas corpus.

## III. THE TRIAL COURT'S ORDER IS APPEALABLE

We must next consider whether Rodriguez-Cerda has a right to appeal the trial court's order denying his application for a writ of habeas corpus. We conclude he does.

We addressed a similar situation in our opinion in *Ramos-Morales*, another OLS case that was transferred to us from the Fourth Court of Appeals, in which we recognized that a trial court's order denying a pretrial habeas application is only appealable if the trial court either grants or denies the application on its merits. *Ex parte Ramos-Morales*, No. 08-23-00285-CR, 2023 WL 8813572 *4

---

the type that must be fully vindicated prior to trial. *Ex parte Aparicio*, 672 S.W.3d at 710–11. The court further concluded that allowing a defendant to raise a selective prosecution claim in a pretrial habeas application is necessary to protect the defendant's interests and serves to promote judicial efficiency by avoiding prosecutions that are later found to be unconstitutional. *Id.* at 711–13. Once again, we are bound by this precedent, and the State has not convinced us that we can, or should, deviate from the Fourth Court of Appeals' holding on this issue.

[6] We note that Rule 41.3 provides that a transferee court's "opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent. Tex. R. App. P. 41.3. However, we see no reason to do so in this instance, as it will have no impact on our resolution of the appeal.

(Tex. App.—El Paso Dec. 20, 2023, pet. filed) (citing *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008) (recognizing that except as provided by statute, only when "there is a ruling on the merits of the claims may a losing party appeal" from the denial of a writ of habeas corpus)). But, as we explained in that case, a trial court need not formally issue the writ or hold an evidentiary hearing before making a merits-based decision. *Id*. at *5.

Here, we agree with Rodriguez-Cerda that the trial court made a merits-based—and therefore appealable—ruling when it denied his habeas application, despite not formally issuing the writ or holding an evidentiary hearing. In its order, the trial court stated Rodriguez-Cerda's writ application "came on to be heard" that day, and "having considered same [and] upon review of the Application allegations and the Court taking Judicial Knowledge of the filings in this cause, the application for Writ to bring the defendant to the Court is denied without further hearing and requested relief is denied."

As we did in *Ramos-Morales*, we find this language sufficient to demonstrate that the trial court considered the merits of Rodriguez-Cerda's habeas claims and expressly denied the relief he requested in his application, which we conclude makes the denial of his application an appealable order.[7] *Id*. (finding trial court's order to be merits-based and therefore appealable, where the trial court stated it had reviewed the "allegations" in the writ application, was taking "Judicial Knowledge of the filings in this cause," and was denying his "requested relief") (citing *Ex parte Suarez*, No. 06-23-00214-CR, 2023 WL 8287582, at *1–2 (Tex. App.— Texarkana Dec. 1, 2023 (pet. filed.) (mem. op., not designated for publication) (finding trial court's use of similar language

---

[7] The Fourth Court of Appeals has distinguished *Ramos-Morales* from other cases in which the trial court did not expressly state that it was denying an OLS defendant's "requested relief," finding the use of such language to be significant in determining whether a trial court's order was merits-based. *See Ex parte Lopez*, No. 04-22-00784-CR, 2024 WL 350595, at *2, n. 2 (Tex. App.—San Antonio Jan. 31, 2024, no pet.) (mem. op., not designated for publication) (distinguishing *Ramos-Morales*, where trial court did not state that it was expressly denying OLS defendant's "requested relief," and instead stated that the defendant was "manifestly not entitled to relief," thereby justifying the trial court's decision to deny the application without issuing the writ or setting forth any rulings on the merits of the application).

in order denying OLS defendant's application for pretrial writ of habeas corpus to be merits-based, making the order appealable)). The State does not contend otherwise.

Accordingly, we conclude that we have jurisdiction to consider Rodriguez-Cerda's appeal. We now turn to the merits.

## IV.   The Merits of the Appeal

### A.   Standard of review

In reviewing the merits of a trial court's decision to grant or deny habeas corpus relief, we defer to the trial court's assessment of the facts when those facts turn on an evaluation of credibility and demeanor. *Gomez*, 2023 WL 7552682, at *4 (citing *Ex parte Perusquia*, 336 S.W.3d 270, 274–75 (Tex. App.—San Antonio 2010, pet. ref'd); *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex. App.—El Paso 2009, pet. ref'd)). We view the facts in the light most favorable to the trial court's ruling and will uphold it absent an abuse of discretion. *Id.*; *see also Ex parte Treviño*, 648 S.W.3d 435, 439 (Tex. App.—San Antonio 2021, no pet.) (recognizing that appellate court views the facts in the light most favorable to the trial court's ruling). Reviewing courts must also grant deference to implicit findings of fact that support the trial court's ultimate ruling. *See Ex parte Perusquia*, 336 S.W.3d at 275 (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 n.23 (Tex. Crim. App. 2006)). However, "[i]f the resolution of the ultimate question turns on an application of the law, we review the determination de novo." *Id.*; *see also Ex parte Vazquez-Bautista*, 683 S.W.3d at 510 (recognizing same in context of an appeal from a trial court's decision granting an OLS applicant's pretrial petition for writ of habeas corpus). Here, we resolve the appeal as a matter of law.

### B.   We reverse and remand for dismissal of the charge

As we have previously recognized, the State's judiciary has been inundated with appeals from various trial courts' rulings on applications for pretrial writs of habeas corpus from OLS defendants. *Ex parte Ramos-Morales*, 2023 WL 8813572, at *5. And the Fourth Court of Appeals

has already determined, as a matter of law, that the State engaged in gender discrimination by only prosecuting males for criminal trespass at the border under OLS during the same timeframe in which Rodriguez-Cerda was arrested. *Ex parte Aparicio*, 672 S.W.3d at 715; *see also Ex parte Barahona-Gomez*, No. 04-23-00230-CR, 2023 WL 6285324, at *2 (Tex. App.—San Antonio Sept. 27, 2023, pet. filed.) (mem. op., not designated for publication) (recognizing that even if the State began arresting women at a later date for criminal trespass under OLS, it would not serve to cure its policy of selective prosecution prior to that time). The Fourth Court of Appeals has further held that, to date, the State has failed to come forward with a constitutionally-sufficient justification for its discriminatory policy. *See Gomez*, 2023 WL 7552682 at *7–8.

Here, the State nevertheless contends Rodriguez-Cerda failed to present sufficient evidence to establish a prima facie case of selective prosecution, and we should therefore affirm the trial court's decision to deny his habeas application. We disagree.

As the Fourth Court of Appeals explained in *Aparicio*, to establish a prima facie case of selective prosecution case, the defendant must establish that the State had "prosecutorial policy" that (1) had "a discriminatory effect," and (2) "was motivated by a discriminatory purpose." *Ex parte Aparicio*, 672 S.W.3d at 713. The State appears to concede that like the defendant in *Aparicio*, Rodriguez-Cerda presented sufficient evidence to establish that the State's OLS policy had a discriminatory effect, in that during the relevant time-period, law enforcement admittedly only arrested male noncitizens for criminal trespass under OLS, and referred all women found trespassing to immigration.[8] *Id*. at 713.

However, the State contends that Rodriguez-Cerda presented insufficient evidence to

---

[8] We note that although the State does not do so in this case, it has alleged in other OLS cases that beginning in February of 2023, State officials began arresting female noncitizens for criminal trespass under OLS. *See, e.g., Ex parte Barahona-Gomez*, No. 04-23-00230-CR, 2023 WL 6285324, at *2 (Tex. App.—San Antonio Sept. 27, 2023, pet. filed.) (mem. op., not designated for publication). Rodriguez-Cerda, however, was arrested well before this time, on October 3, 2021. And, as the Fourth Court of Appeals has recognized, the fact that the State may have changed its discriminatory after a defendant's arrest has no bearing on the defendant's selective prosecution claims, as the only relevant issue in such a case is what policy the State had in place at the time of the defendant's arrest. *Id*.

establish that his arrest resulted from an improper or discriminatory intent. According to the State, based on the record before it, the trial court have concluded that the State's "sole reason for the supposed 'discrimination' was related more to the economics of the situation," due to its inability to house both males and females arrested under OLS, rather than to some "improper intent in establishing the policy." The Fourth Court of Appeals, however, has expressly rejected similar arguments in *Aparicio* and its progeny, based on records containing virtually identical evidence, and we do so as well.

In *Aparicio*, the Fourth Court of Appeals explained that to establish the existence of a discriminatory purpose, a defendant is required to show that he was selected for prosecution based on an "impermissible consideration," such as his gender. *Id*. at 708, 713. The court held that Aparicio had presented undisputed evidence that the State's "decision to prosecute [him], and not the women found allegedly trespassing with him on private property, was motivated by his sex." *Id*. at 714. In particular, the court in *Aparicio* noted that the evidence established that women were not arrested for criminal trespass under OLS, as the State's detention facility could only house men (and women found trespassing were therefore released to border patrol while men were arrested and referred for prosecution). *Id*. The evidence further established that of the thousands of individuals arrested for criminal trespass under OLS, "not a single individual arrested was a woman." *Id*. The court concluded Aparicio's arrest and prosecution was motivated by his gender, and he therefore established a prima facie case of discrimination. *Id*; *see also Ex parte Marcos-Callejas*, No. 04-23-00327-CR, 2024 WL 2164653, at *4 (Tex. App.—San Antonio May 15, 2024, no pet. h.) (concluding that the defendant's evidence established that "law enforcement decided, based on DPS policy, not to arrest women for, or charge women with, criminal trespass based exclusively on their gender, without consideration of any other factors," and the State's decision to arrest the defendant and refer him for prosecution was therefore "motivated by his sex, because, under DPS policy, he

12

would not have been arrested or charged if he were a female").

Here, although the trial court did not hold an evidentiary hearing as the court did in *Aparicio*, we conclude that Rodriguez-Cerda also presented undisputed evidence establishing that his arrest and prosecution was motivated by his sex. Contrary to the State's suggestion that its decision to build the detention facility to only house men was based on "economic" concerns, there is nothing in the record to suggest that the State could not have built a facility with separate quarters for women. *See Gomez*, 2023 WL 7552682, at *6 (recognizing the evidence suggested that the State could have modified or built temporary facilities to hold women, as it did for men, and it was "merely a matter of allocating funds to build or modify facilities to hold women").

Finally, we find it significant that the reporter's record Rodriguez-Cerda attached to his habeas application was from an evidentiary hearing involving several OLS defendants who were granted habeas relief by a different trial court on their claims of selective prosecution—after which the Fourth Court of Appeals affirmed the trial court's decision, expressly holding that the defendants therein had met their burden of establishing a prima facie case of discrimination. *See*, *e.g.*, *Gomez*, 2023 WL 7552682, at *6 (affirming trial court's decision to grant habeas relief to OLS defendant, finding that the record from the evidentiary hearing established a prima facie case of discrimination); *Garcia Compean*, 2023 WL 8104870, at *2 (holding same). Yet here, despite having before it the same undisputed evidence these OLS defendants presented on the issue of whether the State had engaged in selective prosecution of men only, the trial court denied Rodriguez-Cerda's habeas application.

We conclude that the record contains undisputed evidence establishing that Rodriguez-Cerda was the subject of the State's discriminatory policy, for which the State has offered no justification. In accordance with Fourth Court of Appeals' precedent, we conclude Rodriguez-Cerda was entitled

to the habeas relief he requested in his application and to dismissal of the charge against him.[9] *See Ex parte Vazquez-Bautista*, 683 S.W.3d at 515 (citing *Aparicio*, 672 S.W.3d at 711) (explaining that if applicant's "selective-prosecution claim on the basis of equal protection has merit, any conviction resulting from a trial would be void, and he would be entitled to release")); *In re Aiken Cnty.*, 725 F.3d 255, 264 n.7 (D.C. Cir. 2013) ("If the Executive selectively prosecutes someone based on impermissible considerations, the equal protection remedy is to dismiss the prosecution[.]") (Kavanaugh, J.)); *see also Ex parte Gonzalez-Morales*, No. 04-22-00629-CR, 2023 WL 8793121, at *3 (Tex. App.—San Antonio Dec. 20, 2023, no pet.) (mem. op, not designated for publication) (recognizing same).

We therefore conclude that the trial court erred in denying Rodriguez-Cerda's application for a pretrial writ of habeas corpus.

## V. CONCLUSION

We reverse the trial court's order and remand to the trial court with instructions to grant the writ and dismiss with prejudice the misdemeanor criminal trespass charge against Rodriguez-Cerda.

LISA J. SOTO, Justice

---

[9] We do not remand for further proceedings on the issue of justification. As we have previously explained, the sole purpose of an appeal from a trial court's habeas corpus ruling is to "do substantial justice to the parties," and in resolving such an appeal, we may "render whatever judgment . . . the nature of the case require[s]." *Ex parte Ramos-Morales*, 2023 WL 8813572, at *7 (citing Tex. R. App. P. 31.3 (in habeas appeals, an "appellate court will render whatever judgment and make whatever orders the law and the nature of the case require"); Tex. R. App. P. 31.2 (in habeas appeals, "the sole purpose of the appeal is to do substantial justice to the parties")). Here, it would not do substantial justice to remand this matter to the trial court, as the Fourth Court of Appeals has already determined, as a matter of law, that the State has yet to provide a constitutionally sufficient justification for its discriminatory policy, nor has the State offered one in this case. *See, e.g.*, *State v. Gomez,* No. 04-22-00872-CR, 2023 WL 7552682 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed). Accordingly, it would be an "exercise in futility" to remand for further proceedings on the merits under these circumstances. *Id.*

August 16, 2024

Before, Alley, Palafox, and Soto, JJ.

(Do Not Publish)