**Opinion filed August 16, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00224-CR
_____

## JACOB GARCIA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23,558-A**

## M E M O R A N D U M   O P I N I O N

Jacob Garcia has filed a pro se notice of appeal from the trial court's order denying Garcia's motion to dismiss the indictment on speedy trial grounds. In denying Garcia's motion, the trial court noted that appellant "is currently incarcerated in the Federal Bureau of Prisons Canaan unit." We dismiss the appeal.

We wrote Garcia on July 26, 2012, and informed him that it did not appear that there had been a final, appealable order entered in this case. We requested that Garcia respond in writing on or before August 10, 2012, and show grounds to continue this appeal. Garcia has filed a response, but he has not shown grounds to continue. An intermediate court of appeals is not

vested with jurisdiction to consider an appeal from an order denying a motion to quash an indictment. For a review of such a ruling, "there must be a conviction and appeal." *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970); *see United States v. MacDonald*, 435 U.S. 850 (1978) (holding that a defendant may not, *before* trial, appeal a federal district court's order denying a motion to dismiss an indictment because of the violation of the right to a speedy trial); *Ex parte Doster*, 303 S.W.3d 720 (Tex. Crim. App. 2010); *Ex parte Gasperson*, No. 06-08-00113-CR, 2008 WL 5076826, at *1 (Tex. App.—Texarkana Nov. 26, 2008, no pet.) (mem. op., not designated for publication). A pretrial motion to dismiss and a post-conviction appeal of the denial of that motion are the proper avenues to assert the denial of a right to a speedy trial. *Ex parte Burgett*, 850 S.W.2d 267, 269 (Tex. App.—Fort Worth 1993, no writ). Because the order from which Garcia appeals is an interlocutory order from which no appeal may be taken until after conviction, we have no jurisdiction to entertain his appeal.

The appeal is dismissed for want of jurisdiction.


PER CURIAM


August 16, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.