**Ex parte Lyn DELBERT.**

**No. 60922.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 13, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from an order denying relief after habeas corpus proceedings were instituted for the purpose of having the petitioner discharged for failure to provide a speedy trial as required by Article 32A.02, V.A.C.C.P. The petitioner is currently incarcerated in the Van Zandt County Jail under a charge for rape of a child.

In *Ordunez v. Bean,* 579 S.W.2d 911 (1979), this Court denied an application for writ of mandamus directing the trial judge

in that case to set aside an indictment on the ground that the State had failed to comply with the requirements of the Speedy Trial Act. The petitioner in that case alleged that he had not been "given a trial within 120 days from the commencement of [the] criminal action against" him. See Chapter 32A, V.A.C.C.P. This is exactly petitioner's contention in the instant case, except he has labeled his appeal as a petition for habeas corpus rather than an application for writ of mandamus as in *Ordunez*.

In *Ordunez* we held that a defendant may not take an interlocutory appeal from a pretrial order denying a motion to dismiss because of an alleged violation of his right to a speedy trial. We stated:

.   .   . Appeal is available to the petitioner in the event of his conviction to test any asserted denial of his right to a speedy trial, both on a statutory and constitutional basis.   .   .   .[1]

This Court will not allow its holding to deny interlocutory appeals from alleged violations of the Speedy Trial Act to be circumvented by changing the label of an appeal from an application for a writ of mandamus to that of a petition for habeas corpus.[2]

Appellant's appeal from an order denying habeas corpus relief is denied.

---

1. In my concurring and dissenting opinion in *Ordunez,* I dissented to the idea expressed above in that only allowing a direct appeal of alleged Speedy Trial Act violations after a conviction contradicts "the whole purpose of the Speedy Trial Act (Chapter 32A, V.A.C.C.P.) [which] is to remedy inexcusable delays with a dismissal of the charges with prejudice." My reason for dissenting has not changed, but this opinion is written to conform to the majority view of this Court as expressed in *Ordunez.*

2. Had this Court meant to treat habeas corpus writ applications differently than mandamus actions, the application in *Ordunez,* supra, would have been construed as a habeas corpus action. See *Houlihan v. State,* 579 S.W.2d 213 (Tex.Cr.App.1979); *State v. Henson,* 573 S.W.2d 548, 551 (Tex.Cr.App.1978, Odom, J., dissenting); *Ex parte Clear,* 573 S.W.2d 224 (Tex.Cr.App.1978); and *Broggi v. Curry,* 571 S.W.2d 940 (Tex.Cr.App.1978).