COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-407-CR


EX PARTE RICHARD D. HODGES


------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        Appellant Richard D. Hodges was convicted in federal court of bank
robbery and of using a firearm during a crime of violence. The State then
prosecuted him for the same conduct in state court. Appellant filed a motion
to set aside the indictment on the ground that he was denied a speedy trial and
an application for writ of habeas corpus on the ground that he had already been
prosecuted by the federal government for the same conduct. The motion and
application were in one document. After a short hearing, the trial court denied
habeas relief and the motion to set aside. Appellant filed a notice of appeal
from the denial of habeas relief. Two days later, he pled guilty before the jury
to the aggravated robbery charge, and the jury convicted him of aggravated
robbery with a deadly weapon and assessed his punishment at twenty years'
confinement in the Institutional Division of the Texas Department of Criminal
Justice as a repeat offender. The trial court sentenced him accordingly.        In two points on appeal, Appellant challenges the trial court's denial of
habeas relief and the denial of his motion to dismiss. Because we hold that the
state prosecution did not abridge Appellant’s right to be free from double
jeopardy and because we dismiss Appellant’s point complaining of the denial
of his motion to dismiss, we affirm the trial court’s order denying habeas relief.
        The State asks us to reconsider our order denying its motion to dismiss
Appellant’s points as moot. We decline to reconsider our order regarding
Appellant’s timely appeal from the denial of relief on his properly filed
application for preconviction writ of habeas corpus. [2]
        However, Appellant’s notice of appeal demonstrates that he appeals from
the denial of habeas relief, not the denial of his motion to dismiss the
indictment. Indeed, Appellant could not properly file an interlocutory appeal
regarding the denial of his motion to dismiss the indictment on speedy trial
grounds; an appeal complaining of the trial court’s denial of a motion to dismiss
an indictment on speedy trial grounds is only proper after judgment. [3] Appellant
did not appeal from his conviction and sentence, and even if his notice of
appeal encompassed the denial of his motion to dismiss, we could not treat the
premature notice of appeal as timely for the purpose of appealing the denial of
the motion to dismiss. [4] Consequently, we dismiss Appellant’s second point.        In his first point, Appellant contends that the trial court erred by denying
habeas relief because the state prosecution was in effect a second federal
prosecution barred by the Double Jeopardy Clause. The Double Jeopardy
Clause provides that no person “shall . . . be subject for the same offense to be
twice put in jeopardy of life or limb.” [5] Successive prosecutions based on the
same underlying conduct, however, do not violate the Double Jeopardy Clause
if the prosecutions are brought by separate sovereigns. [6] Appellant argues that
there is an exception to the general doctrine of dual sovereignty. When the
State, in bringing its prosecution, acts “merely [as] a tool of the federal
authorities” so that “the state prosecution [is] a sham and a cover for a federal
prosecution,” that is, essentially a second federal prosecution, the doctrine of
dual sovereignty does not apply to permit two prosecutions. [7] Yet, as the State
points out, the Bartkus exception may no longer be viable. [8]
        Appellant bases his contention that his case falls within the Bartkus
exception on correspondence between assistant district attorney Greg Miller
and Francisco Hernandez, Appellant’s trial counsel. Essentially, Miller
expressed his dissatisfaction with the sentence that Appellant received in
federal court. This letter is insufficient to show collusion between the State
and federal authorities. Instead, it shows that Miller was openly critical of the
federal prosecution's handling of the case. Rather than showing that the two
prosecutors acted in concert, the letter shows that Miller, and therefore the
State, was not acting in concert with the federal prosecutor. The Bartkus
exception, to the extent that it still exists, does not apply to defeat dual
sovereignty in this case. Consequently, we overrule Appellant's first point.        Having overruled Appellant’s first point and having dismissed his second
point, we affirm the trial court’s order denying relief.
 
 
                                                                  LEE ANN DAUPHINOT
                                                                  JUSTICE
PANEL A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.
2. See Ex parte Meltzer, No. 2-04-079-CR, 2005 WL 1926251, at *1-2 (Tex.
App.—Fort Worth Aug. 11, 2005, no pet. h.).
3. Ex parte Delbert, 582 S.W.2d 145, 146 (Tex. Crim. App. 1979); Ex parte
Jones, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970).
4. See Tex. R. App. P. 27.1(b) (providing that premature notice of appeal is not
effective if filed before the trial court receives a jury verdict).
5. U.S. Const. amend. V.
6. Heath v. Alabama, 474 U.S. 82, 87-89, 106 S. Ct. 433, 436-37 (1985).
7. See Bartkus v. Illinois, 359 U.S. 121, 123-24, 79 S. Ct. 676, 678 (1959).
8. See United States v. Alvarez, 928 F. Supp. 734, 737 (N.D. Ill. 1996) (“The
court agrees with the government that the so-called Bartkus exception has
gradually been eroded in the Seventh Circuit, as well as other circuits, — to the
point of extinction.”).