Ex Parte Richard D. Hodges 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-407-CR

EX PARTE RICHARD D. HODGES

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Richard D. Hodges was convicted in federal court of bank robbery and of using a firearm during a crime of violence.  The State then prosecuted him for the same conduct in state court.  Appellant filed a motion to set aside the indictment on the ground that he was denied a speedy trial and an application for writ of habeas corpus on the ground that he had already been prosecuted by the federal government for the same conduct.  The motion and application were in one document.  After a short hearing, the trial court denied habeas relief and the motion to set aside.  Appellant filed a notice of appeal from the denial of habeas relief.  Two days later, he pled guilty before the jury to the aggravated robbery charge, and the jury convicted him of aggravated robbery with a deadly weapon and assessed his punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice as a repeat offender.  The trial court sentenced him accordingly. In two points on appeal, Appellant challenges the trial court's denial of habeas relief and the denial of his motion to dismiss.  Because we hold that the state prosecution did not abridge Appellant’s right to be free from double jeopardy and because we dismiss Appellant’s point complaining of the denial of his motion to dismiss, we affirm the trial court’s order denying habeas relief.

The State asks us to reconsider our order denying its motion to dismiss Appellant’s points as moot.  We decline to reconsider our order regarding Appellant’s timely appeal from the denial of relief on his properly filed application for preconviction writ of habeas corpus.
(footnote: 2)
 However, Appellant’s notice of appeal demonstrates that he appeals from the denial of habeas relief, not the denial of his motion to dismiss the indictment.  Indeed, Appellant could not properly file an interlocutory appeal regarding the denial of his motion to dismiss the indictment on speedy trial grounds; an appeal complaining of the trial court’s denial of a motion to dismiss an indictment on speedy trial grounds is only proper after judgment.
(footnote: 3)  Appellant did not appeal from his conviction and sentence, and even if his notice of appeal encompassed the denial of his motion to dismiss, we could not treat the premature notice of appeal as timely for the purpose of appealing the denial of the motion to dismiss.
(footnote: 4)  Consequently, we dismiss Appellant’s second point. In his first point, Appellant contends that the trial court erred by denying habeas relief because the state prosecution was in effect a second federal prosecution barred by the Double Jeopardy Clause.  The Double Jeopardy Clause provides that no person “shall . . . be subject for the same offense to be twice put in jeopardy of life or limb.”
(footnote: 5)  Successive prosecutions based on the same underlying conduct, however, do not violate the Double Jeopardy Clause if the prosecutions are brought by separate sovereigns.
(footnote: 6)  Appellant argues that there is an exception to the general doctrine of dual sovereignty.  When the State, in bringing its prosecution, acts “merely [as] a tool of the federal authorities” so that “the state prosecution [is] a sham and a cover for a federal prosecution,” that is, essentially a second federal prosecution, the doctrine of dual sovereignty does not apply to permit two prosecutions.
(footnote: 7)  Yet, as the State points out, the 
Bartkus
 exception may no longer be viable.
(footnote: 8)
 Appellant bases his contention that his case falls within the 
Bartkus
 exception on correspondence between assistant district attorney Greg Miller and Francisco Hernandez, Appellant’s trial counsel.  Essentially, Miller expressed his dissatisfaction with the sentence that Appellant received in federal court.  This letter is insufficient to show collusion between the State and federal authorities.  Instead, it shows that Miller was openly critical of the federal prosecution's handling of the case.  Rather than showing that the two prosecutors acted in concert, the letter shows that Miller, and therefore the State, was not acting in concert with the federal prosecutor.  The 
Bartkus
 exception, to the extent that it still exists, does not apply to defeat dual sovereignty in this case.  Consequently, we overrule Appellant's first point.
 Having overruled Appellant’s first point and having dismissed his second point, we affirm the trial court’s order denying relief.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 18, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Ex parte Meltzer
, No. 2-04-079-CR, 2005 WL 1926251, at *1-2 (Tex. App.—Fort Worth Aug. 11, 2005, no pet. h.).

3:
Ex parte Delbert
, 
582 S.W.2d 145, 146 (Tex. Crim. App. 1979); 
Ex parte Jones
, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970).

4:
See
 
Tex. R. App. P.
 27.1(b) (providing that premature notice of appeal is not effective if filed before the trial court receives a jury verdict).

5:
U.S. C
onst
. amend. V.

6:
Heath v. Alabama
, 474 U.S. 82, 87-89, 106 S. Ct. 433, 436-37 (1985).

7:
See Bartkus v. Illinois
, 359 U.S. 121, 123-24, 79 S. Ct. 676, 678 (1959).

8:
See United States v. Alvarez
, 928 F. Supp. 734, 737 (N.D. Ill. 1996) (“The court agrees with the government that the so-called 
Bartkus
 exception has gradually been eroded in the Seventh Circuit, as well as other circuits, — to the point of extinction.”).