**Deny and Opinion Filed September 18, 2014**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-01183-CV

### IN RE TROY RANDELL EDMON, Relator

**Original Proceeding from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1371585-N**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice Lang

Relator filed this petition for writ of mandamus contending that the trial court abused its discretion with respect to its handling of his petition for pre-trial writ of habeas corpus, which alleges that he has been denied the right to a speedy trial. Relator alleges variously in his petition that that the trial court denied his petition on August 19, 2014, which is the date shown on his pre-trial petition for writ of habeas corpus as the mailing date of the petition, that the trial court held a hearing and denied the petition on August 27, 2014,[1] and that the trial court has failed to rule on the petition. The burden lies with the movant to provide a record free of factual questions which illustrates undue delay. *Ex parte Bates,* 65 S.W.3d 133, 136 (Tex. App.—

---

[1] Relator has not provided a copy of an order establishing that the trial court has ruled on his petition. If relator's complaint is not that the trial court has delayed in ruling on the petition, but rather that the trial court has failed to grant the petition, he must bring any such claim by filing an appeal from the trial court's adverse ruling rather than by filing an original proceeding in this Court. *Ex parte Delbert,* 582 S.W.2d 145, 146 (Tex. Crim. App. 1979) (orig. proceeding) (denying habeas corpus); *Ordunez v. Bean,* 579 S.W.2d 911 (Tex. Crim. App. 1979) (denying mandamus).

Amarillo 2001, orig. proceeding). Relator has not provided such a record. In addition, under any of the factual scenarios relator has alleged, the trial court has not abused its discretion.

To the degree relator alleges that the trial court has abused its discretion by failing to rule on his petition for an unreasonable period of time, he has not established that the trial court has engaged in unreasonable delay. No litigant is entitled to a hearing at whatever time he may choose. *In re Chavez,* 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes,* 832 S.W.2d at 426. Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Chavez,* 62 S.W.3d at 228–29. The trial court's inherent power to control its own docket must also be given due consideration, *Chavez,* 62 S.W.3d at 228. Because relator's petition for pre-trial writ of habeas corpus has been pending for less than a month, he has not established unreasonable delay.

Accordingly, we **DENY** relator's petition for writ of mandamus.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

141183F.P05

–2–