

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00216-CR

**EX PARTE KEVIN DALE SHEFFIELD**

On Appeal from the 413th District Court of
Johnson County, Texas
Trial Court No. DC-F201900865-1, Honorable William C. Bosworth, Jr., Presiding

October 20, 2020

## ORDER ON MOTION FOR REHEARING

Before QUINN, C.J., PARKER and DOSS, JJ.

Pending before this court is the State's motion for rehearing. It cites "precedent, brought to this Court's attention for the first time" and urges us to reconsider a portion of our earlier opinion.[1] The portion is that wherein we held: "denying Sheffield's motion for a speedy trial because the Office of Court Administration, the Presiding Judge of the Texas Court of Criminal Appeals, or the Chief Justice of the Texas Supreme Court purportedly told the trial court at bar to indefinitely forgo proceedings last Spring was and is an erroneous legal basis upon which to act." *Ex parte Sheffield*, No. 07-20-00216-CR,

---

[1] The State does now what it did not do when the merits of the appeal were considered, that is, respond to Sheffield's speedy trial complaint.

2020 Tex. App. LEXIS 7598, at *9 (Tex. App.—Amarillo Sept. 17, 2020, no pet. h.) (mem. op., not designated for publication). Allegedly, the newly cited precedent denies us jurisdiction to make that pronouncement via an interlocutory appeal from an order denying a petition for habeas relief. That "precedent" is inapposite, however.

The opinions cited by the State may concern the right to speedy trial and an interlocutory appeal from the denial of a writ of habeas corpus. Yet, the relief sought in them was dismissal or discharge based upon a purported denial of the right. The respective trial courts refused to do either. *See, e.g.*, *Ex parte Doster,* 303 S.W.3d 720, 721 (Tex. Crim. App. 2010) (raising, via an interlocutory appeal, the trial court's refusal **to dismiss** the prosecution due to the violation of the Interstate Agreement on Detainers and analogizing it to speedy trial violations); *Ex parte Delbert*, 582 S.W.2d 145, 145 (Tex. Crim. App. 1979) (noting that "[t]his is an appeal from an order denying relief after habeas corpus proceedings were instituted for the purpose of having the petitioner **discharged** for failure to provide a speedy trial") (emphasis added); *Ex parte Jones*, 449 S.W.2d 59, 59 (Tex. Crim. App. 1970) (noting that "[a]ppellant next contends that he should be **discharged**, because he has been denied a speedy trial as provided for in Article I, Sec. 10, Vernon's Annotated Constitution of Texas") (emphasis added). Furthermore, the *Doster* court ruled as it did upon observing that 1) an exception to the rule against pretrial appeals for speedy trial claims actually threatened the values manifested in the Speedy Trial Clause, those values being a speedy disposition of the criminal action, *Ex parte Doster*, 303 S.W.3d at 726 (quoting *United States v. MacDonald*, 435 U.S. 850, 861, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978)), and 2) the right to a speedy trial did not embody a right "not to be tried" but rather a right to a speedy disposition. *Id.* at 727.

As for *Delbert*, the court applied the rationale in *Ordunez v. Bean*, 579 S.W.2d 911 (1979) (involving a petition for writ of mandamus), to reject the defendant's attempt to gain freedom through an interlocutory appeal of an order denying habeas relief. *Ex parte Delbert*, 582 S.W.2d at 145. Simply put, it said that the defendant had an adequate legal remedy through an appeal perfected after conviction. *Id.* (quoting *Ordunez,* 579 S.W.2d at 913–14).

Here, Sheffield did not seek dismissal or discharge. He wanted to be tried and, thereby, avoid being made to languish in jail due to an inability to post bond. Asking to be tried is not the norm when a defendant invokes the right to a speedy trial. Nevertheless, and unlike the relief sought by the defendants in the State's precedent, seeking a trial when a court indefinitely refuses one furthers the values inherent in the Speedy Trial Clause, as does testing the refusal through an interlocutory appeal. In both instances, the complainant pursues a speedy disposition. So, the rationale underlying *Doster* comes up short, at bar.

Additionally, denying him the right at issue while leaving him in jail hardly affords him the legal remedy deemed pivotal in *Delbert* and *Ordunez*. That is, appealing after conviction is not a viable remedy when the very act found objectionable precludes the necessary element for enjoying the legal remedy from arising. Without a trial, there can be no conviction. Without a conviction, there can be no post-conviction appeal. And, Sheffield is being denied that trial.

If nothing else, we learn from *Ex parte Perry*, 483 S.W.3d 884 (Tex. Crim. App. 2016), that the rules regulating interlocutory appeals from orders denying habeas relief are strict, but not immutable. That case involved effort by the Texas Governor to raise

constitutional claims through a pretrial writ of habeas corpus. More importantly, our Court of Criminal Appeals uniformly ruled that those type of claims could not be pursued through that procedural mechanism. Yet, it created an exception given the peculiar and weighty circumstances before it.

As said in *Perry*, "[p]retrial habeas, followed by an interlocutory appeal, is an extraordinary remedy . . . reserved 'for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Id.* at 895 (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)). For instance, "we have stated that pretrial habeas cannot be used to advance an as-applied constitutional challenge to a statute." *Id.* Furthermore, "[t]he court of appeals relied on these statements to hold that Governor Perry could not litigate his as-applied claims before trial." *Id.* Now, "[w]e conclude, however, that the nature of the constitutional right at issue entitles him to raise these claims by pretrial habeas corpus." *Id.* We "allow certain types of claims to be raised by pretrial habeas because the rights underlying those claims would be effectively undermined if not vindicated before trial." *Id.* As exemplified by those statements and the result in *Perry*, the rules controlling pretrial habeas relief are strict, but not immutable. For those "certain types of claims" where "the rights underlying" them "would be effectively undermined if not vindicated before trial," a pretrial writ for habeas relief may be the appropriate course of action. The constitutional claim urged by Sheffield here is one such right given the unique circumstances preventing its enjoyment. Unless addressed before trial, the denial of his entitlement to a speedy disposition cannot be vindicated when the trial judge indefinitely forgoes trial. His claim entails a substantive right to a timely disposition of the charges against him, which right

4

is being effectively undermined through administrative fiat.  These circumstances satisfy the very criteria used in *Perry* to justify deviation from historical limitations imposed on the availability of habeas relief.  So, we disagree with the State, conclude that we have jurisdiction over the claim and deny rehearing.[2]

Brian Quinn
Chief Justice

Publish.

---

[2] In reaching our decision, we do not ignore the State's reference to *Raines v. State*, No. 10-20-00167-CR, 2020 Tex. App. LEXIS 5252 (Tex. App.—Waco July 9, 2020, no pet.) (mem. op., not designated for publication).  There, "Charles Raines attempt[ed] to appeal the trial court's order withdrawing its grant of Raines's motion for speedy trial in each of his six criminal cases." *Id.* at *1.  Whether Raines sought to have the accusations against him dismissed is not mentioned in the opinion.  Nevertheless, it seems rather clear that the circumstances involved a "motion" and an interlocutory appeal from action on that "motion." *Id.*  No doubt, reviewing courts generally lack jurisdiction over interlocutory appeals from an order denying a "motion" unless statute permits it. *Abbott v. State.*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).  We do not have before us an appeal from a "motion" but rather from the denial of an application for writ of habeas corpus.  Such an appeal is a viable mechanism by which to present cognizable claims to an intermediate appellate court.  And, while the refusal **to dismiss** a criminal prosecution due to a delay in obtaining a speedy trial may not be a cognizable claim, nothing said by the *Raines* court can be read as holding that the same is true when the appellant complains of a trial court's indefinite refusal to convene a trial.