**Opinion filed May 19, 2022**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-22-00088-CR

_____

**LAFETTE LATRELLE BATTEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 21290-B**

## M E M O R A N D U M   O P I N I O N

Appellant, Lafette Latrelle Battee, has filed a pro se notice of appeal from the trial court's order denying Appellant's motion for a speedy revocation hearing. We dismiss the appeal.

When this appeal was docketed, the clerk of this court wrote Appellant and informed him that it did not appear that the trial court had entered a final, appealable order. We requested that Appellant respond by May 2, 2022, and show grounds to continue this appeal. Appellant has not filed a response.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). An appeal from an order denying a motion for speedy trial is not a final, appealable order, and "a defendant may not take an interlocutory appeal from a pretrial order denying a motion to dismiss because of an alleged violation of his right to a speedy trial." *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. 1979).

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

May 19, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2