

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-22-00219-CR
_____

EX PARTE CEDRIC JOSEPH MARKS

On Appeal from the 426th District Court
Bell County, Texas
Trial Court No. 80244, Honorable Steven J. Duskie, Presiding

November 16, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

This one proceeding involves Cedric Marks's pro se effort to appeal an interlocutory order and petition for a writ of habeas corpus. The underlying complaints implicate the trial court's decision to deny his request to dismiss the criminal prosecution against him on speedy trial grounds or, in the alternative, to reduce bail. We dismiss in part for want of jurisdiction and affirm.[1]

The State indicted Marks for capital murder. That resulted in his arrest. He currently awaits trial and remains incarcerated.

---

[1] This appeal being transferred from the Third Court of Appeals, we follow its precedent if it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

Though originally appointed counsel, he opted to represent himself against the State's accusations. His time awaiting trial while jailed led him to question both the purported delay in obtaining a trial and the $1.5 million bail set by the trial court. Efforts to raise his complaints came in various forms over a period of time. Eventually, they morphed into one pretrial petition for writ of habeas corpus. Through it, he sought the dismissal of the indictment because the State purportedly denied him the right to a speedy trial or, alternatively, a reduction in bail. The trial court heard the petition and denied both requests after receiving evidence.

Before us is Marks's combined interlocutory appeal and petition for writ of habeas corpus challenging the trial court's rulings. Not being sure whether he actually appeals them or originally petitions for a writ of habeas corpus, we address his complaints within the framework of both possibilities.

***Speedy Trial***

Regarding the matter of dismissal, neither an interlocutory appeal nor a writ for habeas corpus are available to test a decision rejecting a speedy trial complaint. As said by our Court of Criminal Appeals, "[t]his Court will not allow its holding to deny interlocutory appeals from alleged violations of the Speedy Trial Act to be circumvented by changing the label of an appeal from an application for a writ of mandamus to that of a petition for habeas corpus." *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. 1979); *accord*, *Battee v. State*, No. 11-22-00088-CR, 2022 Tex. App. LEXIS 3402, at *1 (Tex. App.—Eastland May 19, 2022, no pet.) (mem. op., not designated for publication) (holding that an appeal from an order denying a motion for speedy trial is not a final,

2

appealable order). Thus, we have no jurisdiction to review, at this time, the decision regarding Marks's speedy trial complaint.

**_Bail_**

As for bail, the amount of bail may be challenged through a pretrial writ of habeas corpus. *Weise v. State*, 55 S.W.3d 617, 619–20 (Tex. Crim. App. 2001). Should the trial court deny relief, that decision may be the substance of an interlocutory appeal. *Diez v. State*, No. 03-21-00043-CR, 2022 Tex. App. LEXIS 2809, at *5 n.2 (Tex. App.—Austin Apr. 28, 2022, no pet.) (mem. op., not designated for publication). Such a legal remedy being available, though, an original petition for writ of habeas corpus filed in an appellate court seeking review of the decision is unavailable. *See Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007) (stating that since habeas corpus is an extraordinary remedy available only when there is no other adequate remedy at law, it may not be used to assert claims that could have been asserted on direct appeal). Thus, we have no jurisdiction over Marks's original petition for writ of habeas corpus to the extent he uses it to attack the trial court's refusal to reduce bail.

Having jurisdiction over his appeal, we, nevertheless, encounter another problem. Bail and its purported excessiveness were the subject of various evidentiary hearings. Furthermore, the trial court took judicial notice of the evidence received in an earlier hearing when opting to deny Marks's later pretrial writ. Marks did not include that evidence in the current appellate record. This is fatal to his appeal.

Simply put, an appellant has the burden to present a record showing reversible error. *Amador v. State*, 221 S.W.3d 666, 679 (Tex. Crim. App. 2007). That burden goes unfulfilled when he omits from it relevant portions of the trial court proceedings. *Id.*

3

Indeed, the omission of relevant evidence from the record allows us to presume that the missing evidence supports the decision under attack. *Morris v. Coffman*, 01-09-00493-CV, 2012 Tex. App. LEXIS 9315, at *8–9 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012, no pet.) (mem. op.). We so presume here. That is, we presume the evidence missing from the appellate record supported the trial court's decision to deny a reduction in bail.

In sum, we dismiss, for want of jurisdiction, Marks's original petition for writ of habeas corpus and interlocutory appeal from the order rejecting his speedy trial complaint. We affirm the trial court's order denying his pretrial writ of habeas corpus to the extent he used that extraordinary remedy to seek a reduction in his bail.


Brian Quinn
Chief Justice


Do not publish.

4