COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| EX PARTE: | § | No. 08-23-00286-CR |
| EFREN SANTIAGO-SALINAS | § | Appeal from the |
| Appellant. | § | The County Court |
| | § | Of Kinney County, Texas |
| | § | (TC# 11809CR) |

**<u>MEMORANDUM OPINION</u>**

Appellant Efren Santiago-Salinas (Santiago-Salinas) is a noncitizen who was arrested under Operation Lone Star (OLS) and charged with the misdemeanor offense of criminal trespass. Contending he was the subject of selective prosecution in violation of state and federal constitutional equal protection principles, Santiago-Salinas filed an application for pretrial writ of habeas corpus requesting a habeas writ, evidentiary hearing, and dismissal of the underlying charge. The trial court denied his application on the merits, and Santiago-Salinas appealed, contending the trial court erred in not granting his requested relief. For the reasons set forth below, we reverse the trial court's order and remand for the trial court to dismiss the criminal proceedings against him with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Santiago-Salinas's arrest and his application for habeas relief

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety

to initiate OLS to "deter[] illegal border crossing and . . . prevent criminal activity along the border." *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023, pet. granted). As part of OLS, Santiago-Salinas was arrested for criminal trespass in Kinney County on November 24, 2021. On January 12, 2023, he filed an application for pretrial writ of habeas corpus seeking dismissal of the criminal charge, arguing his rights had been violated under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment, as the State was selectively prosecuting men, and not similarly situated women, for criminal trespass as part of OLS. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 3a. Santiago-Salinas attached several exhibits supporting his claim that the State had a policy of arresting only male noncitizens for criminal trespass while referring similarly situated female noncitizens to Border Patrol. Among the exhibits was a Notice of Stipulation the State filed in another OLS case in which it stipulated: "women are not prosecuted for trespass as part of Operation Lone Star, even when they are found trespassing." He also provided an affidavit from the Maverick County Sheriff stating he was told during a meeting with Texas DPS that "only men would be arrested for criminal trespass" pursuant to the OLS policy, and "it was their policy that women would not be arrested for criminal trespass." Finally, Santiago-Salinas attached an affidavit from Claudia Molina, the assignment supervisor for the Lubbock County Public Defender's office, dated September 23, 2022, stating that, based on her review of the records, of the 5,000 noncitizens arrested at the border, "no women have ever been appointed counsel for OLS misdemeanor trespass charges." The State did not file a response to the application.

On August 10, 2023, the trial court denied Santiago-Salinas's application. Santiago-Salinas filed an appeal with the Fourth Court of Appeals, which was then transferred to this Court through a Texas Supreme Court docket equalization order. *See* Tex. R. App. P. 41.3. As discussed below, we follow the Fourth Court of Appeals' precedent in resolving the appeal as we are required to do

2

by Texas Rule of Appellate Procedure Rule 41.3.[1] *Id.*

## B. *Aparicio* and its progeny

On June 21, 2023, not long before the trial court denied Santiago-Salinas's application, the Fourth Court of Appeals issued its opinion in *Ex parte Aparicio*, 672 S.W.3d 696.[2] In that case, a noncitizen (Aparicio), who had been arrested for criminal trespass in Maverick County as part of OLS, filed a similar application for pretrial writ of habeas corpus seeking dismissal of the charge against him, making an identical claim that the State was selectively prosecuting men under OLS in violation of his state and federal constitutional rights. *Id.* at 701. Unlike the present case, however, the trial court in *Aparicio* issued the writ and held a full evidentiary hearing on the question of whether the State was engaging in selective prosecution. *Id.* at 701–06. The trial court denied the writ on the merits, despite undisputed evidence that the State was criminally prosecuting only male noncitizens for trespass under OLS, finding that Aparicio's equal protection argument failed because the State could prosecute women if it "chose to."[3] *Id.* at 706.

On appeal, the Fourth Court of Appeals disagreed, finding Aparicio had met his initial burden of establishing a prima facie case of selective prosecution, i.e., that the State had a "prosecutorial policy" which resulted in a "discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* at 713–14. The State then argued "'the emergency situation on Texas's southern border' justifies its discriminatory actions." *Id.* at 716. However, the court of appeals noted

---

[1] Rule 41.3 provides: "In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. The court's opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent." Tex. R. App. P. 41.3.

[2] The State does not contend that the trial court was unaware of the Fourth Court of Appeals' holding in *Aparicio* when it ruled on Santiago-Salinas's application.

[3] In particular, the trial court heard evidence that "as part of OLS, 4,076 people had been arrested for misdemeanor offenses and not a single individual arrested was a woman." *Ex parte Aparicio*, 672 S.W.3d 696, 714 (Tex. App.—San Antonio 2023, pet. granted).

3

that the trial court never reached the merits of that issue, and it therefore reversed the trial court's denial of Aparicio's application for a writ of habeas corpus and remanded the matter to the trial court to "determine whether the State's discriminatory classification was justified" under both constitutional claims.[4] *Id.*

The Fourth Court of Appeals has since decided several cases involving OLS criminal trespass prosecutions in which it found, under State constitutional standards, that the State did not meet its burden of establishing a justification for its discriminatory policy of selectively prosecuting men only. For example, in *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed) another male non-citizen (Gomez) filed an application for a pretrial writ of habeas corpus making a similar claim of selective prosecution on the basis of sex following his arrest in Kinney County for criminal trespass as part of OLS. In that case, the trial court issued the writ, held an evidentiary hearing, then granted the writ. *Id.* at *1. The State appealed, conceding it had only arrested males at the border under OLS, but arguing its discriminatory actions were justified based on: "(1) Governor Abbott's Proclamation declaring an emergency regarding border security; and (2) testimony that the counties implementing OLS do not have sufficient facilities to hold women detainees." *Id.* at *5. The Fourth Court of Appeals rejected the State's argument, finding that although security at the border may be considered a compelling interest, the State did not demonstrate its actions were narrowly tailored to serve that interest. *Id.* The court noted that OLS was a multi-billion-dollar operation, and the State did not explain why it could not have allocated funds for a facility to hold women. *Id.* The court therefore held that the trial court did not

---

[4] The State filed a petition for discretionary review of the Fourth Court of Appeals' decision in *Aparicio* to the Texas Court of Criminal Appeals, which granted review. In its petition, the State's sole argument focused on whether the trial court erred in finding that Aparicio's claim was cognizable in a pretrial writ of habeas corpus. However, upon accepting the State's petition, the Court of Criminal Appeals ordered that the parties brief the following substantive question: "Whether the Court of Appeals erred in reversing the trial court's finding that Appellant failed to establish a prima facie case of selective prosecution on the basis of sex discrimination." *See Aparicio v. State*, No. PD-0461-23, 2024 WL 178283 (Tex. Crim. App. 2024). As of this date, the Court of Criminal Appeals has not issued its opinion deciding either issue.

abuse its discretion in "concluding the State failed in its burden of justifying its discriminatory conduct," and it affirmed the trial court's decision to grant the defendant his requested relief and dismiss his criminal case. *Id*.; *see also State v. Garcia Compean*, No. 04-22-00886-CR, 2023 WL 8104870, at *2 (Tex. App.— San Antonio Nov. 22, 2023, pet. filed) (mem. op., not designated for publication) (affirming trial court's order granting pretrial habeas relief where State failed to meet its burden of justifying its discriminatory policy); *Ex parte Marcos-Callejas*, No. 04-23-00327-CR, 2024 WL 2164653, at *7 (Tex. App.—San Antonio May 15, 2024, no pet. h.) (reversing trial court's order denying OLS defendant's application for pretrial writ of habeas corpus and ordering defendant's criminal case dismissed, where the State failed to meet its burden of justifying its discriminatory policy); *Ex parte Vazquez-Bautista*, 683 S.W.3d 504, 510 (Tex. App.—San Antonio 2023, pet. filed) (opinion on en banc reconsideration) (same).

### C. The issues before us

In this case, the primary focus of the State's brief is on whether the trial court lacked jurisdiction to hear Santiago-Salinas's application, contending that a claim of selective prosecution is not cognizable in a pretrial writ of habeas corpus. On the merits of Santiago-Salinas's habeas claim, the State does not deny that Santiago-Salinas was the subject of selective prosecution pursuant to the State's OLS policy, nor does it attempt to justify its discriminatory policy; however, the State does request a remand to allow the trial court to hold an evidentiary hearing to develop facts "supporting the State's decision to not arrest women in these cases."[5]

## II. SANTIAGO-SALINAS'S CLAIMS ARE COGNIZABLE IN A PRETRIAL WRIT OF HABEAS CORPUS

---

[5] The State also requests that we "take the case under advisement" until the Court of Criminal Appeals rules on *Aparicio*, but cites no authority requiring us to do so. In addition, we note that the Fourth Court of Appeals has found it appropriate to continue ruling on OLS cases that rely on *Aparicio*, even though the Court of Criminal Appeals has granted review of the *Aparicio* opinion. *See, e.g., State v. Vazquez*, No. 04-22-00877-CR, 2024 WL 3433712, at *2 (Tex. App.—San Antonio July 17, 2024, no pet. h.) (mem. op., not designated for publication). Following the Fourth Court of Appeals' precedent, we do so as well.

We start with the State's argument that Santiago-Salinas's claim of selective prosecution is not cognizable in a pretrial writ of habeas corpus. The State acknowledges that the Fourth Court of Appeals held in *Aparicio* that claims of this nature are cognizable in a pretrial habeas corpus proceeding, but contends that "[t]here is no competent legal authority supporting the Court's rulings" in *Aparicio* and its progeny. The State urges us not to follow the Fourth Court of Appeals' precedent in these cases.

In support of its argument, the State primarily relies on *Ex parte Perry*, 483 S.W.3d 884, 896 (Tex. Crim. App. 2016) for the proposition that the Court of Criminal Appeals adopted an "exclusive list" of situations in which a defendant may seek a pretrial writ of habeas corpus, to include only claims of double jeopardy, bail claims, and claims relating to and raised by elected officials. The court in *Aparicio*, however, did not read *Perry* so narrowly, and instead referred to its earlier holding in *Ex parte Dominguez Ortiz*, 668 S.W.3d 126, 131 (Tex. App.—San Antonio 2023, no pet.) in which it interpreted *Perry* as holding that a pretrial writ "may be appropriate when 'the particular constitutional right at issue . . . is the type that would be effectively undermined if not vindicated prior to trial.'" *Ex parte Aparicio*, 672 S.W.3d at 710 (citing *Ex parte Dominguez Ortiz*, 668 S.W.3d at 131, quoting *Ex parte Perry*, 483 S.W.3d at 896). And in *Aparicio*, the court determined that the defendant's "constitutional right to equal protection would be effectively undermined if not vindicated before trial."[6] *Ex parte Aparicio*, 672 S.W.3d at 711.

---

[6] In its prayer for relief, the State contends we should consider the Fourth Court of Appeals' holding in *Dominguez Ortiz* in our analysis, asserting that the court in that case found "that the claims are not cognizable in a pre-trial *habeas corpus* action." However, as the court recognized in *Aparicio*, the defendant in *Dominguez Ortiz* did not raise a claim of selective prosecution, and instead raised a "right to counsel claim under the Sixth Amendment." *Ex parte Aparicio*, 672 S.W.3d at 711. And the court held that a Sixth Amendment claim was not the "type of claim that would be 'effectively undermined if not vindicated prior to trial' because the right to prepare for trial does not encompass a right to avoid trial." *Ex parte Dominguez Ortiz*, 668 S.W.3d at 139. In turn, the court in *Aparicio* expressly distinguished *Dominguez Ortiz* on the ground that a selective prosecution claim is the type of constitutional claim that would entitle the defendant to avoid trial. *Id*. at 711.

The State also cites *Ex parte Sheffield*, 685 S.W.3d 86, 95 (Tex. Crim. App. 2023), which was issued after *Aparicio*, in an attempt to persuade us that the ruling in *Aparicio* was wrongly decided. We reject this argument for two reasons.

First, we do not read *Sheffield* as having any impact on the holding in *Aparicio*. In *Sheffield*, the court simply reiterated its long-standing view that an "applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial[.]" *Ex parte Sheffield*, 685 S.W.3d at 95 (citing *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. [Panel Op.] 1979); *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970)). While the court did recognize that "pretrial habeas corpus is available 'only in very limited circumstances,'" such as in cases in which a defendant has raised a claim of double jeopardy, it did not hold that a double jeopardy claim is the *only* claim that a defendant may bring in a pretrial habeas application. *Id*. at 93 (citing *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)). To the contrary, the court in *Sheffield* referred its prior pronouncement in *Perry*, in which it recognized that a defendant may bring a pretrial habeas application to assert a constitutional right in situations in which "postponing relief until after trial . . . would effectively undermine the right, such that vindication would have to come before trial." *Id*. at 96 (citing *Perry*, 483 S.W.3d at 895–96). As set forth above, in *Aparicio*, the Fourth Court of Appeals expressly determined that the constitutional right to be free from selective prosecution is just such a right that must be vindicated prior to trial, or it would be lost. *Ex parte Aparicio*, 672 S.W.3d at 711.

Second, although the State encourages us to reject the Fourth Court of Appeals' holding on the issue of cognizability, as a transferee court, we are prohibited from doing so. As set forth above, the Rules of Appellate Procedure provide that a transferee court is bound by the transferor court's

7

precedent, even if it conflicts with our own.[7] Tex. R. App. P. 41.3. Therefore, given the binding authority from the Fourth Court of Appeals on this issue, we are constrained to follow that authority, and must do so even though the Court of Criminal Appeals has granted review of the *Aparicio* opinion. *See Brazos Elec. Power Coop., Inc. v. Tex. Comm'n on Envtl. Quality*, 576 S.W.3d 374, 382–83, n. 6 (Tex. 2019) (an opinion issued by a transferor court remains "binding precedent" even though the case is pending on rehearing).

Accordingly, we conclude that Santiago-Salinas's claim of selective prosecution is cognizable in a pretrial writ of habeas corpus.

## III.   THE TRIAL COURT'S ORDER IS APPEALABLE

We must next consider whether Santiago-Salinas has a right to appeal the trial court's order denying his application for a writ of habeas corpus. We conclude he does.

We addressed a similar situation in our opinion in *Ramos-Morales*, another OLS case that was transferred to us from the Fourth Court of Appeals, in which we recognized that a trial court's order denying a pretrial habeas application is only appealable if the trial court either grants or denies the application on its merits. *Ex parte Ramos-Morales*, No. 08-23-00285-CR, 2023 WL 8813572 *4 (Tex. App.—El Paso Dec. 20, 2023, pet. filed) (citing *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008) (recognizing that except as provided by statute, only when "there is a ruling on the merits of the claims may a losing party appeal" from the denial of a writ of habeas corpus)). But, as we explained in that case, a trial court need not formally issue the writ or hold an evidentiary hearing before making a merits-based decision. *Id*. at *5.

Here, we agree with Santiago-Salinas that the trial court made a merits-based—and therefore

---

[7] As the State points out, Rule 41.3 provides that a transferee court's "opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent," and it appears to be encouraging us to do so on the topic of cognizability. Tex. R. App. P. 41.3. However, we see no reason to do so in this instance, as it will have no impact on our resolution of the appeal.

appealable—ruling when it denied his habeas application despite not formally issuing the writ or holding an evidentiary hearing. In its order, the trial court stated Santiago-Salinas's application "came on to be heard" that day, and "having considered same [and] upon review of the Application and allegations the application for writ to bring the defendant to the Court is denied without further hearing and requested relief is denied." The order further stated: "This court takes judicial knowledge of the docket over which she has and is presiding in Texas related to OLS and is aware that women are being arrested in the State for OLS and OLS trespass offenses."[8]

As we did in *Ramos-Morales*, we find this language sufficient to demonstrate that the trial court considered the merits of Santiago-Salinas's habeas claims and expressly denied the relief he requested in his application, which we conclude makes the denial of his application an appealable order.[9] *Id.* (finding trial court's order to be merits-based and therefore appealable, where the trial court stated it had reviewed the "allegations" in the writ application, was taking "Judicial Knowledge of the filings in this cause," and was denying his "requested relief") (citing *Ex Parte Suarez*, No. 06-23-00214-CR, 2023 WL 8287582, at *1–2 (Tex. App.— Texarkana Dec. 1, 2023 (pet. filed.) (mem. op., not designated for publication) (finding trial court's use of similar language in order denying OLS defendant's application for pretrial writ of habeas corpus to be merits-based,

---

[8] We note that although the State does not do so in this case, it has alleged in other OLS cases that beginning in February of 2023, State officials began arresting female noncitizens for criminal trespass under OLS. *See, e.g., Ex parte Barahona-Gomez*, No. 04-23-00230-CR, 2023 WL 6285324, at *2 (Tex. App.—San Antonio Sept. 27, 2023, pet. filed.) (mem. op., not designated for publication). Santiago-Salinas, however, was arrested well before this time, on November 21, 2021. And, as the Fourth Court of Appeals has recognized, the fact that the State may have changed its discriminatory after a defendant's arrest has no bearing on the defendant's selective prosecution claims, as the only relevant issue in such a case is the policy the State had in place at the time of the defendant's arrest. *Id*.

[9] The Fourth Court of Appeals has distinguished *Ramos-Morales* from other cases in which the trial court did not expressly state that it was denying an OLS defendant's "requested relief," finding the use of such language to be significant in determining whether a trial court's order was merits-based. *See Ex parte Lopez*, No. 04-22-00784-CR, 2024 WL 350595, at *2, n. 2 (Tex. App.—San Antonio Jan. 31, 2024, no pet.) (mem. op., not designated for publication) (distinguishing *Ramos-Morales*, where trial court did not state that it was expressly denying OLS defendant's "requested relief," and instead stated that the defendant was "manifestly not entitled to relief," thereby justifying the trial court's decision to deny the application without issuing the writ or setting forth any rulings on the merits of the application).

making the order appealable)). The State does not contend otherwise.

Accordingly, we conclude that we have jurisdiction to consider Santiago-Salinas's appeal. We now turn to the merits.

## IV.  The Merits of the Appeal

### A.  Standard of review

In reviewing the merits of a trial court's decision to grant or deny habeas corpus relief, we defer to the trial court's assessment of the facts when those facts turn on an evaluation of credibility and demeanor. *Gomez*, 2023 WL 7552682, at *4 (citing *Ex parte Perusquia*, 336 S.W.3d 270, 274–75 (Tex. App.—San Antonio 2010, pet. ref'd); *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex. App.—El Paso 2009, pet. ref'd)). We view the facts in the light most favorable to the trial court's ruling and will uphold it absent an abuse of discretion. *Id.*; *see also Ex parte Treviño*, 648 S.W.3d 435, 439 (Tex. App.—San Antonio 2021, no pet.) (recognizing that appellate court views the facts in the light most favorable to the trial court's ruling). Reviewing courts must also grant deference to implicit findings of fact that support the trial court's ultimate ruling. *See Ex parte Perusquia*, 336 S.W.3d at 275 (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 n.23 (Tex. Crim. App. 2006)). However, "[i]f the resolution of the ultimate question turns on an application of the law, we review the determination de novo." *Id.*; *see also Ex parte Vazquez-Bautista*, 683 S.W.3d at 510 (recognizing same in context of an appeal from a trial court's decision granting an OLS applicant's pretrial petition for writ of habeas corpus). Here, we resolve the appeal as a matter of law.

### B.  We reverse and remand for dismissal of the charge

As we have previously recognized, the State's judiciary has been inundated with appeals from various trial courts' rulings on applications for pretrial writs of habeas corpus from OLS defendants. *Ex parte Ramos-Morales*, 2023 WL 8813572, at *5. And the Fourth Court of Appeals has already determined, as a matter of law, that the State engaged in gender discrimination by only

10

prosecuting males for criminal trespass at the border under OLS during the same timeframe in which Santiago-Salinas was arrested. *Ex parte Aparicio*, 672 S.W.3d at 715; *see also Ex parte Barahona-Gomez*, No. 04-23-00230-CR, 2023 WL 6285324, at *2 (Tex. App.—San Antonio Sept. 27, 2023, pet. filed.) (mem. op., not designated for publication) (recognizing that even if the State began arresting women at a later date for criminal trespass under OLS, it would not serve to cure its policy of selective prosecution prior to that time). Accordingly, we conclude—as we did in *Ramos-Morales*—that Santiago-Salinas has met his initial burden of establishing a prima facie case of selective prosecution as a matter of law, i.e., that "the prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Ex parte Ramos-Morales*, 2023 WL 8813572, at *6 (citing *Aparicio*, 672 S.W.3d at 715).

This leaves us with only the second prong in the analysis, i.e., whether the State has a justification for its discriminatory policy. As set forth above, the Fourth Court of Appeals has rejected various attempts by the State to justify its policy of gender discrimination during the same relevant time period, finding that although security at the border may be considered a compelling interest, the State failed to demonstrate that its actions were narrowly tailored to serve that interest. *See Gomez*, 2023 WL 7552682 at *5; *State v. Rodriguez Rodas*, No. 04-22-00885-CR, 2023 WL 8103194, at *1 (Tex. App.—San Antonio Nov. 22, 2023, pet. filed) (mem. op., not designated for publication) (same): *Garcia Compean*, 2023 WL 8104870, at *2 (same). In various cases, the Fourth Court of Appeals has found it appropriate to reverse a trial court's order denying an OLS defendant's application for a pretrial writ of habeas corpus and remand with instructions to the trial court to dismiss the defendant's criminal cases with prejudice, with no further proceedings, when the record reflects that the State provided no justification for its discriminatory policy. *See Ex parte Vazquez-Bautista*, 683 S.W.3d at 515 (citing *Aparicio*, 672 S.W.3d at 711) (explaining that if a defendant's "selective-prosecution claim on the basis of equal protection has merit, any conviction resulting

11

from a trial would be void, and he would be entitled to release")); *In re Aiken Cnty.*, 725 F.3d 255, 264 n.7 (D.C. Cir. 2013) ("If the Executive selectively prosecutes someone based on impermissible considerations, the equal protection remedy is to dismiss the prosecution[.]") (Kavanaugh, J.)); *see also Ex parte Gonzalez-Morales*, No. 04-22-00629-CR, 2023 WL 8793121, at *3 (Tex. App.—San Antonio Dec. 20, 2023, no pet.) (mem. op, not designated for publication) (recognizing same).

Here, the State points out that the trial court did not hold an evidentiary hearing that would have allowed it to present a justification for its discriminatory policy, and it summarily requests that we remand the matter to the trial court for a hearing to allow it to develop "the facts supporting the State's decision not to arrest women in these cases." As set forth above, however, the Fourth Court of Appeals has already rejected multiple attempts by the State to justify its discriminatory policy, finding them insufficient as a matter of law. *See*, *e.g.*, *Gomez*, No. 04-22-00872-CR, 2023 WL 7552682 at *7–8. In this case, the State has not provided any indication that it would assert a different justification than it has, and that the Fourth Court of Appeals has already addressed and rejected, in many identical cases.

As we explained in *Ramos-Morales*, the sole purpose of an appeal from a trial court's habeas corpus ruling is to "do substantial justice to the parties," and in resolving such an appeal, we may "render whatever judgment . . . the nature of the case require[s]." *Ex parte Ramos-Morales*, 2023 WL 8813572, at *7 (citing Tex. R. App. P. 31.3 (in habeas appeals, an "appellate court will render whatever judgment and make whatever orders the law and the nature of the case require"); Tex. R. App. P. 31.2 (in habeas appeals, "the sole purpose of the appeal is to do substantial justice to the parties")). Under the circumstances, we do not believe it would do substantial justice to the parties to remand this case for further proceedings on the merits. To the contrary, it would be an "exercise in futility" to remand for an evidentiary hearing on this issue, given the lack of any disputed law or facts. *Id.* (citing *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 479–

80 (5th Cir. 2018) (where facts and law were well-settled, it would be an "exercise in futility" and "diminish judicial economy" to remand to the trial court for further proceedings, where there was a "high likelihood" that the same issue would return to the court in a subsequent appeal, thereby further prolonging the litigation unnecessarily)).

As well, we find that remanding to the trial court for additional proceedings on the merits would unnecessarily cause further delays in resolving Santiago-Salinas's habeas claims, which cuts against the principle that habeas proceedings should be handled in an expedited manner. *Id.* (citing *Ex parte Johnson*, 876 S.W.2d 340, 343 (Tex. Crim. App. 1994)) (finding it appropriate to issue a writ of habeas corpus, without remanding to the trial court, by utilizing its habeas corpus jurisdiction and power to "expedite a fair resolution of the unconstitutional situation the courts below have created for this applicant"); Tex. R. App. P. 31.2(b) (providing that an appeal in a habeas corpus proceeding other than one challenging a defendant's conviction or placement on community supervision, "shall be submitted and heard at the earliest practicable time").

We therefore conclude that the trial court erred as a matter of law in denying Santiago-Salinas's application for a pretrial writ of habeas corpus, and that he has established his entitlement to the relief requested in his application.

## V. Conclusion

We reverse the trial court's order and remand to the trial court with directions to grant the writ and dismiss with prejudice the misdemeanor criminal trespass charge against Santiago-Salinas.


LISA J. SOTO, Justice

August 16, 2024

13

Before, Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)